UTICA,
October, 1822.

WHEATON
v.
HIBBARD.

---

## WHEATON *against* HIBBARD.

A borrower, who has paid more than the legal rate of interest, is not confined to the remedy given by the statute to prevent usury ; but may bring an action of *assumpsit* for money had and received, at common law, to recover the excess of interest; but to entitle him to maintain the action, he must show that he has paid, or offered to pay, all the principal really lent, with the lawful interest.

IN ERROR to the Court of Common Pleas of *Onondago* county. *Hibbard* brought an action of *assumpsit* against *Wheaton* in a Justice's Court. The declaration contained the common money counts, to which the defendant pleaded *non assumpsit*, with notice that the money received by the defendant was for excess of interest above the lawful rate of interest. The Justice gave judgment for the plaintiff for thirty-five dollars, damages, and three dollars and sixty-nine cents, costs. *Wheaton* appealed from this judgment to the Court of Common Pleas, pursuant to the act. (Sess. 41. ch. 94.) On the return to the appeal, in the Court of Common Pleas, a jury was summoned to try the issue between the parties. The jury found a special verdict, stating that on the first of *April*, 1816, *H.* paid to *W.* thirty-five dollars for interest, over and above the lawful

Where the lender does not raise the objection at the trial, that the principal and legal interest had not been paid by the plaintiff, but rests his defence on other and different grounds, the Court will, from his silence, intend the fact of such payment ; and he cannot afterwards make the objection, when the cause comes up for review, on appeal or writ of error.

rate of interest, on one hundred dollars for one year, then owing from *H.* to *W.*, for the forbearance of one hundred dollars for one year following, and which sum of thirty-five dollars *W.* corruptly and usuriously, against the form of the statute, &c. extorted and received from *H.* for excess of interest above the legal rate of interest, &c.; and that on the second of *April*, 1817, *H.* paid *W.* ten dollars for excess of interest over and above the legal rate of interest on two hundred dollars, for the forbearance of the said sum for one day, and which was extorted and received from him by *W.* corruptly and usuriously, contrary to the form of the statute, &c.; and that both of the said sums of money were paid by *H.*, and corruptly and usuriously received by *W.*, more than one year before the commencement of the said suit by *H.* against *W.* before the Justice, and from whose judgment there was an appeal to the Common Pleas, &c.; but whether or not, upon the whole matter, the said *W.* did assume and undertake to repay the said *H.* the forty-five dollars so corruptly and usuriously received by him, the said *W.*, or whether an action of *assumpsit* will lie in favour of *H.* to recover the said money, &c., the jury are ignorant, &c.; leaving the questions of law for the Court to decide. The Court of Common Pleas gave judgment for the appellee, *H.*, for forty-five dollars, damages, and twenty-six dollars and ninety-six cents, costs. And on this judgment a writ of error was brought, returnable to this Court.

*V. Birdseye*, for the plaintiff in error, made the following points:

1. That the damages exceed those laid in the plaintiff's declaration.

2. That it did not appear, that an appeal was taken from the Justice's judgment, or notice thereof given.

3. That the plaintiff below recovered less than fifty dollars, and yet recovered costs.

4. That the plaintiff's action should have been debt, not *assumpsit*.

5. That the action was brought more than one year after the payment of the money.

6. That there was no *assumpsit* proved, and no grounds

UTICA,
October, 1822.

WHEATON
v.
HIBBARD.

UTICA,    are stated by the jury, from which an *assumpsit* could by
October, 1822. law be implied.

WHEATON       He cited, statute 1 *N. R. L.* 64. *Bac. Abr.* tit. *Usury,*
v.
HIBBARD.   G. · *Bac. Abr.* tit. *Statutes.* 13 *Johns. Rep.* 191. 1 *Term
           Rep.* 153.

    *Kellogg,* contra.—He cited, 2 *Comyn on Cont.* 113. 1
  *Boss. &amp; Pull.* 296. *Doug.* 696. note. *Cowp. Rep.* 200.
  3 *Inst.* 150. 8 *Mass. Rep.* 101. *Str. Rep.* 915.

  SPENCER, Ch. J. delivered the opinion of the Court.

  The recovery in the Common Pleas, was more than in
the Justice's Court. The counsel for the plaintiff in error
give up that objection, and also an objection as to costs,
these points having been decided against him. The points
reserved by the special verdict, and submitted to the Court,
are, 1st. Whether an action of assumpsit will lie after a
year, in favour of the person paying usurious interest; and,
2d. Whether the law, under the facts found, presumes a pro-
mise ? The plaintiff's counsel have raised a third point,
that the action could not be maintained without proving
payment of the money actually due.

  The statute to prevent usury, (1 *N. R. L.* 64.) after re-
gulating the rate of interest, authorizes the party, paying
usurious interest, to sue for and recover the excess above
seven per cent., within one year then next, with costs of suit,
in an action of debt, founded on the act; and it prescribes
a succinct form of declaring. It then provides, that if the
person paying usury, shall not, within the time aforesaid,
really and *bona fide* commence his suit for the money so
paid, or suffers it to be delayed or discontinued, then it shall
be lawful for any other person, within one year after such
neglect, to sue for and recover the same, in manner afore-
said, one moiety whereof is given to such person, and the
other moiety to the use of the poor of the town in which the
offence is committed.

  This provision is peculiar to our statute. By the 12
*Anne,* ch. 16. the party receiving more than the legal rate
of interest, forfeited the treble value of the moneys or other
things lent. It is contended, that the person who pays

above the legal rate of interest, is confined to the statute remedy, and that he must not only sue in an action of debt, but that the suit must be within one year, or he is for ever precluded. Now the principle is, that where a party has a remedy at common law for a wrong, and a statute be passed, giving a further remedy, without a negative of the common law remedy, expressed or implied, he may, notwithstanding the statute, have his remedy by action at common law. (1 *Com. Dig. Action on Statute*, C.) There are no words in the statute, either expressly or impliedly, negativing the common law remedy. The injured party cannot have both remedies, and if he neglect to pursue the statute remedy for more than a year, his right of action at common law would be suspended during the second year, for, peradventure, a third person may prosecute. But, in the present case, the excessive interest was received in 1816 and 1817. It was incumbent on the defendant to show, had the fact been so, that he had been sued within the second year; and not having shown this, the statute remedy is gone. It is undeniable, that a party who has paid excessive interest may, at common law, recover the excess, in an action for money had and received. The law considers the borrower rather as a victim than an aggressor. The statute prohibits usury, in order to protect needy and necessitous persons from the oppression of usurers, who are eager to take advantage of the distresses of others, and who violate the law only to complete their ruin. In such a case, the maxim of *potior est conditio defendentis*, has never been applied. But the party injured cannot recover any part of the principal and legal interest; and to entitle him to maintain the action, he must show that he has done all that equity requires. (*Bacon, Usury*, G. 1 *Term Rep.* 153.) In this case, had the objection been made that the principal was unpaid, the defendant in error ought to have proved such payment. But the objection was not made; and it seems to me, that when the cause has been litigated on other and different grounds, we are to intend, by the silence of the plaintiff, in not making the objection, that the fact is, that the principal and interest have been paid. It is a salutary rule, not to suffer an objection to be made, when the case comes up for review,

UTICA,
October, 1822.

which might have been obviated, had it been made at the proper time. The principle is sound, that the Court can intend nothing in a special verdict, but what is found by the jury. (1 *Wils.* 55. 1 *Caines*, 64.) This case, I conceive, not to be within the rule. The excess beyond legal interest, was money to which the plaintiff in error had no right; it belonged to the defendant in error; and he shows a state of facts entitling him to it. Now, what rebuts the justice and equity of his case? What deprives him of his right to regain what has been wrongfully taken from him? The fact, that the principal and interest have not been repaid. That, then, is matter of defence to be shown on the other side; and as the negative could not be proved, it would be enough to state the objection, and throw it on the party to prove payment. But when the defence is not made, nor the objection stated, the inference is, that the fact did not exist. This is not inferring a fact; but it is rebutting a presumption. We are of opinion, therefore, that the judgment must be affirmed.

Judgment affirmed.