Opinion of the court delivered by
Judge Catron.
It is contended that the promise declared on is grounded upon no consideration, and cannot be recovered upon.
It is certainly true that the contract made before the passage of the act of 1819 was void, (1Mun. 349: 5 Taun. 780;) not for want of consideration, but because it was made in violation of the act of 1741. If the act of 1819 had merely’ repealed the act of 1741, without making a further provision upon the subject of interest, then this contract made in 1820 would have been valid lo the full amount claimed by the face of the note. Public policy prohibited the recovery of debts contracted for excessive gain; the- act of 1819 changed that policy, and authorized a recovery of the amount of principal and legal interest in all cases where usury formed part of the contract, declaring all such contracts binding, but subject to an abatement of the excess of interest over 6 per cent per annum, adopting the same rule previously acted upon by courts of equity when relieving against, usurious contracts, which *257 was upon condition that the principal and legal interest should be paid. (1 T. R. 153, 225. 1 Taunt. 413. 20 Johns. 290. 2 Bro. 611. 1 Ves. 320. 3 Ves. and Beam. 14. 1. Johns. Ch. Rep. 536, 367, 439. Johns. Ch. R. 142.
The consideration was sufficient to ground a valid contract upon to the amount of damages assessed by the jury, before the repeal of the act of 1741, which was the same with the British statute of Anne. (8 T. R. 390. 2 Taunt. 167.
The act of 1819 does for the parties what they themselves might lawfully do: it rejects the excess of interest, leaving the balance' a lawful debt: This statute operated upon the contract of 1820 as certainly as if the money had been then loaned; because it discharged all former obligations prima facie, and even had none existed, as in a legal point of view there did not, still the consideration of this money lent in 1817, was sufficient to support the new contract so far as the circuit court enforced it. We think the circuit court was correct in deducting the excess of interest paid upon the several renewals of the note, and therefore we affirm the judgment.
It will be remarked that usury could not have been given in evidence under the plea of non assumpsit, if any objection had been made at the trial, because the statute contemplates a special plea of the usury upon oath, and a replication upon oath by the plaintiff. In both, the truth is to be stated as in chancery proceedings. If the defendant fails to plead upon oath, the declaration of course will be taken as true: if the plaintiff fails to reply, the plea will be so' taken. The informality of the pleadings cannot be taken advantage of, however, at this time.
Judgment affirmed.