### HAWKINS vs. WELCH.

A party who has paid money or property by way of usurious interest cannot recover the amount so paid, where, upon such recovery, a part of the principal debt would remain due and unpaid.

APPEAL from Crawford Circuit Court.

MILLER, *for Appellant.*

1. The instructions given are not according to law, nor did the evidence given in the cause authorize the giving of the instruction.

2. The instructions asked by the defendant ought to have been given.

3. The court erred in modifying the defendant's instructions, and then refusing them.

4. The finding, by the jury, was against evidence.

5. The finding was for more than the value of the property.

6. A party cannot, by making a voluntary payment of an illegal demand, afterwards turn round and sue for it, without showing a different state of facts than is shown in this record.

7. The court erred in overruling the motion to dismiss the cause, for insufficiency of return.

MINOR, *for Appellee.*

1. The notice to the appellant, to appear before the justice, was sufficient, and the return of the special constable was legal and conclusive.—Stat. Mo., 351, sec. 14.

2. The Circuit Court committed no error in refusing to give the two instructions (even as modified) first asked for by the appellant; and the single instruction, affecting the right of the appellee to recover, which was given by the court, was correct.—Robinson vs. May, Cro. Eliz., 588; Moses vs. McFarland, 2 Burr. Rep., 1005, and Coop. Justinian, where all the American and English authorities on this point are collected and analyzed: Clark vs. Shee, Cowper's Rep., 199; 2 Tucker's Com., 132, Wheaton vs. Hibbard, 20 Johns., 292; Comyn on Usury, 1 Law Library, 80; Eden on Injunctions, 38.

3. If the instructions given by the court were correct, then the verdict of the jury was right, and therefore a new trial should not have been granted.

4. The act of the general assembly, of 27th February, 1841, on the subject of interest, (session acts, 95,) does not, in its repeal of the 4th section of the act of 1835, affect the right of the appellee to recover in this action.

TOMPKINS, J., *delivered the opinion of the Court.*

Ivy Welch sued A. H. Hawkins before a justice of the peace, and there obtained judgment against Hawkins; Hawkins appealed to the Circuit Court of that county, and that court also gave judgment against him, to reverse which this appeal is prosecuted.

The bill of exceptions shows that the defendant, Hawkins, moved the court to dismiss the cause from its docket, because the service of the justice's summons was not legal.

Hawkins, after judgment against him, by default before the justices, moved to set aside that judgment, and his motion being overruled, he appealed to the Circuit Court. In that court he had a new trial, as the statute directs, without regard to any error, defect, or other imperfection in the proceedings of the justice.— Sec. 8, art. 8, of the act concerning justices' courts, p. 370 of the Digest of 1835.

This is all the testimony in the case:

" Mr. Sanders, a witness in behalf of the plaintiff, testified, that some time last June (1842) the plaintiff and defendant were at his house, and some conversation passed betwixt them respecting two judgments for $150, each at ten per cent., which the defendant had confessed in favor of the plaintiff, before witness, who was a justice of the peace; that they went out, and on their return Hawkins stated that he had bought a mare and colt of the defendant at $120, and that the mare and colt paid up the interest on said judgments, and thirty dollars of the principal, on the debt. Upon examination of the witness by the court, he stated, that the mare and colt paid up the usurious interest, over and above ten per cent., and thirty dollars on the debt, and that the mare and colt were worth about $75." This was all the testimony for either party, and upon this testimony the jury found a verdict for the plaintiff for ninety dollars, and the defendant moved the court to grant a new trial for these reasons: —

1. The verdict is against law and evidence.

2. The court gave improper instructions.

3. The court refused to give proper instructions.

The court instructed the jury, that if they believe, from the evidence, that the mare and colt was paid to the defendant by way of usurious interest, that is for more than ten per cent., according to the contract of the parties, the plaintiff has the right to recover the usurious interest so paid.

In Wheaton *vs.* Hibbard, 20 Johns., 293, Spencer, Chief Justice, says—" It is undeniable that a party who has paid excessive interest may, at common law, recover the excess, in an action for money had and received. The law considers the borrower rather as a victim than an aggressor. The statute prohibits usury,

in order to protect needy and necessitous persons from the oppression of usurers, who are eager to take advantage of the distresses of others, and who violate the law only to take advantage of their ruin. In such a case, the maxim, *potior est conditio defendentis,* has never been applied. But the party injured cannot recover any part of the principal and legal interest, and to entitle him to maintain the action, he must show that he has done all that equity requires."

It appears in evidence, on this record, that Welch had confessed two judgments to Hawkins, before a justice of the peace, of $150 each, at ten per cent.; that the plaintiff and defendant walked out, and on their return, Hawkins told the witness, that he had bought a mare and colt of the defendant, at $120, and that the mare and colt paid up the interest on said judgments, and $30 upon the principal. The witness said the mare and colt paid the usurious interest above ten per cent., and $30 of the principal, and that the mare and colt were worth about $75. Here, if we estimate the mare and colt at $75, as did the witness, it will appear that the plaintiff still owes the defendant $225, after deducting that sum from $300, the amount of the judgments confessed before the justice of the peace. But if the mare and colt are to be estimated at the sum of $120, still the plaintiff will owe the defendant $180, and if the plaintiff now obtain a judgment against the defendant for $90, and collect that money from the said defendant, the plaintiff may, himself, become insolvent, and be unable to collect the principal, or rather that which remains of the principal, after deducting the price of the mare. The Circuit Court, then, committed error, in instructing the jury, that so much of the price of this mare and colt as was applied to the payment of usurious interest could be recovered in this action, although it appeared in evidence that the principal was yet unpaid.

The judgment of the Circuit Court must be reversed.