## PALEN *a.* BUSHNELL.

*Supreme Court, First District; Special Term, March,* 1864.

PARTIES TO ACTIONS.—RECEIVER.—JOINDER OF CAUSES OF
ACTION.

A receiver may maintain an action in his own name for usurious premiums paid by the judgment-debtor for whom he is receiver.

In such an action the judgment-debtor is not a necessary party.

In an action brought by a receiver of a judgment-debtor to set aside, as fraudulent, contracts made by such debtor, the judgment-debtor has an interest in the action, and may be made a party thereto.

In a suit by a receiver of a judgment-debtor in the nature of a creditor's action, a claim for usurious premiums paid by the judgment debtor, and other claims arising out of contract, may be united in such action with a claim to set aside transfers of real and personal property as fraudulent and void, and to compel an accounting.

Demurrer to complaint.

William Palen, receiver of Henry Banye, appointed in supplementary proceedings, commenced an action against Ezra S. Bushnell and the judgment-debtor as defendants. The complaint set forth certain business transactions between Bushnell and Banye, commencing in September, 1856, on which the defendant claimed a balance due from Bushnell, the payment of various usurious premiums commencing December 5, 1857, which the plaintiff claimed to recover, and also sought to set aside certain transfers of real and personal property, made by Banye to Bushnell, as fraudulent and void, and to compel Bushnell to account for such property. The summons was dated December 5, 1863. The defendant, Bushnell, demurred to the complaint for misjoinder of causes of action, and specially to the clauses setting up the payment of usurious premiums, on the ground that it did not state facts sufficient to constitute a cause of action.

An action was also commenced by the plaintiff against

Joseph C. Johnson to recover back certain usurious premiums paid by him, to which the defendant also demurred. Both demurrers were argued together.

*Sandford & Woodruff*, for the defendants.

*Nelson Merrill*, for the plaintiff.

MORGAN, J.—The questions presented by the demurrers in these cases have occasioned me a good deal of difficulty, and I regret that I have not time to consider them at greater length. I shall have to content myself with a very brief statement of my reasons for arriving at the conclusion that the demurrers are not well taken.

*First.* In my opinion, the receiver may sustain an action to recover the usurious premiums paid by the judgment-debtor to the defendant Bushnell. He represents the creditors as well as the judgment-debtor, and I think his title is sufficient to authorize him to maintain such an action. (Porter *a.* Williams, 9 *N. Y.* (5 *Seld.*), 142.)

*Second.* Contrary to my first impressions, I am of opinion that the action may be brought within six years after the cause of action accrues, and that the Statute of Limitation, to be made available, must be set up in the answer. (Wheaton *a.* Hibbard, 20 *Johns.*, 290.) This disposes of the demurrer in the second above-entitled action.

*Third.* It is apparent to my mind that the judgment-debtor is not a necessary party to an action by the receiver against Bushnell to recover the usurious premiums, while he is a necessary party to an action to set aside the fraudulent assignment and conveyance of the judgment-debtor to Bushnell. Besides, it. is evident that an action at common-law will lie against Bushnell to recover these usurious premiums. And it is very questionable, in my mind, whether a bill in equity, under the former system of pleadings, would have been maintainable in such a case, unless a discovery was part of the relief prayed for. Here, no discovery is necessary, as the amount of the excess beyond the legal interest is ascertained by the complaint as in a common-law action. But the Code of Procedure has in some degree authorized the uniting of causes of action in the same complaint hitherto regarded as separate

and distinct, and triable in different forms. (§ 167.) I understand, by this provision, that both legal and equitable causes of action may be united in the same complaint in certain cases there specified; 1. Where they arise out of the same transaction or transactions connected with the subject of the action; 2. And when they arise out of contract express or implied; but they must all belong to one of these classes, and must affect all the parties to the action. The causes of action united in this complaint, do not arise out of the same transactions; but they all arise out of·contract, express or implied, and do not require different places of trial, and they affect both defendants to the action. The judgment-debtor has an interest in the action, and I think he may be made a party, although not a necessary party to so much of the complaint as seeks to recover back the usurious premiums. The · complaint, however, is in the nature of a creditor's suit to reach the estate of the judgment-debtor, wrongfully detained by the defendant Bushnell, in fraud of the creditors. This is the subject-matter of the action, and I think the complaint may properly call him to an account for usurious premiums exacted by him of the judgment-debtor, as well as for other demands which arise out of contracts which he made with the judgment-debtor, and under which he holds property in fraud of creditors. Although I had grave and serious doubts whether these several causes of action can be united in the same complaint; still considering this action as in the nature of a creditor's bill, calling upon Bushnell to account for moneys and property in his hands, which he holds in fraud of creditors, I am induced to the opinion that the demurrer is not well taken.

The result is, that judgment must be given for the plaintiff in both cases, overruling the demurrer, with leave to the defendants to answer in twenty days, on payment of the costs of the demurrer.