JOHN T. RANSOM, Defendant in Error, *v.* E. C. HAYS, GARN-ISHEE, Plaintiff in Error.

1. *Interest — Usury—Action.* — A party who has voluntarily paid unlawful interest upon a usurious contract cannot, by suit, recover back the unlawful interest thus paid.
2. *Attachment—Garnishment—Damages.*—A mere liability of the garnishee to an action on the part of the defendant for unliquidated damages, as for negligence, fraud, wrongful conversion, or for the recovery of usurious interest paid him by the debtor, cannot be the foundation of a judgment against a garnishee.

*Error to Buchanan Common Pleas.*

*S. Ensworth,* for plaintiff in error.

The principle that a person who has paid to another usurious interest can recover the same from the receiver, is too common and apparent to be questioned—8 Mo. 191; 20 John. 293.

This right is personal, and cannot be exercised by any other until the position of the parties is changed by the election of the payer of the usury; but when the election is made in court, and the right asserted, the claim becomes a right in action, instead a right of action, and is a property. The payer of the usury may elect to avail himself of his right to recover, which is evidenced in different ways, by making an actual demand, or by assigning his specific right to recover by suit in his own name, or by permitting a person to sue him and the receiver of the usury in equity, and he assenting to the recovery—1 Murd. Ch. 437; 3 J. J. Marsh. 13; 1 B. Mon. 321.

Bagby having manifested his election by suit to recover the usury, the court should have overruled the motion to dismiss, and permitted the parties to proceed with the case—1 B. Mon. 321.

*L. M. Lawson,* for defendant in error.

I. The law of this State, entitled, "An act regulating the interest of money," approved November 20th, 1855—R. C.

1855, p. 889—embraces the law of this State upon the subject of usury, and prescribes the remedy. The remedy pointed out in section 5 of said act is the only remedy known to the law of this State, and no action of any kind in behalf of any one lies for the recovery of usury. It is solely a matter of defence in a suit commenced.

1. This is an affirmative statute introductory of a new law, directing a thing to be done in a certain manner, and that thing ought not ever, though there are no negative words, to be done in any other manner—Dwar. Stat. p. 477; The Queen v. Mayor of Leeds, 11 Ad. & El. 512; Sedg. on Stat. & Const. 323 & 402; City of Boston v. Shaw, 1 Metc. 130, 138; Hillsdale v. Larned, 16 Mass. 65; Gedney v. Inhabs. of Tewksburry, 3 Mass. 307, 309; Crosby v. Burnett, 7 Metc. 17; Smith v. Lockwood, 13 Barb. 209; Dudley v. Mayhew, 3 Coms. 9; Lang v. Scott, 1 Blackf. 405; Almey v. Harris, 5 Johns. 175; Thurston v. Prentiss, 1 Mich. 193; Gooch v. Stephenson, 13 Maine, (1 Shep.) 371.

2. The following is a good statement of the principle in the foregoing decisions. Where a statute creates a right or defines a wrong, which had no existence at common law, and prescribes a remedy to enforce and protect the one and redress the other, no action will lie at common law. The statute must be followed—23 Pick. 36; 3 Metc. 380; 1 Metc. 553; 2 Metc. 599; 32 Maine, 553; 5 Johns. 175; 1 Mo. 147; 1 Mo. 428; 6 Mass. 40; 14 Mass. 286; 1 Blkfd: 39; 15 Mass. 205; 9 Pick. 496; 13 Pick. 284. In States having similar statutes to ours, it is decided that usury can be relied upon only as a defence—21 U. S. Dig. 537, tit. Usury; 22 Id. 557, tit. Usury.

2. The common law relative to any subject is superseded by a revision of the whole subject by the Legislature—10 Pick. 37; 12 Mass. 545; Nichols v. Squire, 5 Pick. 168.

3. The usury is not specially plead in the denial of plaintiff in error. This being a penal statute must be so construed as to inflict the penalty, and advance the remedy without multiplicity of actions—Coke Litt. 381-6; 8 Johns.

41; 10 Johns. 467, *interest reipublicæ ut sit finis litium.* Such a construction as will defeat the remedy is never given —9 Wheat. 81.

4. The defendant, Bagby, having assented and paid the money, failing to avail himself of the remedy, no action lies to recover the money so paid—*volenti non fit injuria*— Broom, 193.

A garnishee cannot be compelled to answer as to usury— Drake on Attach. §§ 645, 548; Boardman v. Roe, 13 Mass. 104; Graham v. Moore, 7 B. Mon. 53; 10 B. Mon. 119.

WAGNER, Judge, delivered the opinion of the court.

Ransom, who was a judgment creditor of one Bagby, having sued out an execution on his judgment, caused the defendant Hays to be summoned as garnishee. In addition to the usual interrogations, Ransom propounded and filed the following: "At the time you were summoned as garnishee, had or had not defendant Robert F. Bagby sued you for usury, and if so, how much usury has he paid you within the last three years that has not been repaid?" In answer to this interrogatory, Hays stated that he was sued by Bagby for usury; that the suit was commenced before the notice of garnishment was sued, and that the records of the court would show the correct date of the suit. The garnishee in his answer then denied that Bagby had paid him any usury within the last three years before the service of the notice of garnishment, or at any other time, that was not fully repaid before the garnishment. To this answer Ransom filed a denial, and alleges that on or about the 8th of March, 1858, Bagby borrowed from Hays a sum of money, on which he paid usurious interest—at the rate of about twenty-five or thirty per cent.— and that the amount of usury so paid was about two hundred dollars; that after the payment of the debt and usury by Bagby to Hays, Bagby instituted a suit in the Court of Common Pleas for Buchanan county, in his own name and against Hays, to recover the amount of usury so paid, and claimed that at the service of

the garnishment Hays was indebted to Bagby in about the sum of two hundred dollars, on account of the usurious payment. Hays then filed his motion to dismiss the proceeding of garnishment, because the denial of the answer of the garnishee contained no grounds upon which a recovery could be had against him. The motion was sustained by the court, and the plaintiff excepted, and sued out his writ of error.

The defence of usury, like the defence of infancy, is a personal privilege, and can be exercised only by the person immediately interested. But it is contended that when Bagby brought suit to recover the usurious interest he had paid to Hays, he elected to avail himself of his personal privilege, and from that time there was a valid subsisting debt in his favor which could be reached by the process of garnishment. Whilst on the other side it is argued that under the statute of this State that if a party voluntarily pay interest as usury, an action cannot be maintained for its repayment, and that the only remedy the debtor has is to plead it in defence, when sued on the contract out of which it originates. In the case of Hawkins v. Welch, 8 Mo. 490, the court does not expressly decide the point, but intimates the opinion that a party paying usurious interest may recover it back by an action at law. The case was decided when the statute of 1835 was in force, though it is not referred to in the opinion of the court. That statute was materially different from the one of 1855, which governs this case so far as statutory law is concerned. Hawkins v. Welch was based on the common law rule as declared by Ch. J. Spencer, in Wheaton v. Hibbard, 20 Johns. 293, and the question now is, has our law altered or changed the remedy?

Sec. 4 of 1 R. C. 1855, p. 890, prohibits the taking of any higher interest than what is specified in the three preceding sections, and section 5 declares that when any action or suit is commenced on any bond, note, mortgage, specialty, agreement, contract, promise or assurance, made in this State, the defendant may in his answer show that a higher or

greater rate of interest than ten per cent. (the highest rate allowed by law) was therein agreed for, or received or taken; and that if the answer of the defendant to any such suit shall be sustained by the verdict of a jury, or the finding of the court, the court shall render judgment on such finding or verdict, for the real sum of money, or price of the commodity, actually lent, advanced or sold, and interest on the same at the rate of ten per cent. per annum; upon which judgment the court shall cause an order to be made, setting apart the whole interest for the use of the county in which the suit is brought, for the use of the common schools, and the defendant may recover his costs. In some of the States the law renders the usurious contract wholly and absolutely void, but with us the only effect is to forfeit the interest to the counties for the benefit of the school fund, and which is made to operate as a punishment on the lender for his illegal exaction. No provision is made by which the borrower can recover it back, when he pays it of his own voluntary will. The statute was designed to supersede and modify the common law, and diverts the interest from the parties, and appropriates it to the use of the common schools.

A different construction would defeat the whole policy and object of the law. If it should be held that in case the debtor did not avail himself of his privilege in resisting the payment of usury, and he could commence an action to reclaim the amount thus wrongfully paid, he would seldom plead it in defence; he would have a direct interest in evading the statutory provision; for in the one case he would get the money in his own pocket, and in the other it would be awarded to the use of the schools. The statute does not contemplate the recovery back of unlawful interest once paid on a usurious contract; the law does not make such contract absolutely void; and if the party completely and voluntarily performs his part of the contract, by paying the usurious interest, he is remediless.

By the laws of Wisconsin it is enacted that all bonds, bills, notes, assurances, conveyances, and all other contracts or

securities·whatever, whereby there is reserved or secured a greater rate of interest than twelve per cent., shall be valid and effectual to secure the repayment of the principal sum loaned, but no interest shall be recovered on such securities, or on any money, or other thing, loaned on such contract. And the second section of the same act declares that whenever any person shall apply to any court of the State to be relieved in case of a usurious contract or security, or when any person shall set up the plea of usury in any action or suit instituted against him, such person, to be entitled to such relief, or the benefit of such plea, shall prove a tender of the principal sum of money or thing loaned to the party entitled to receive the same.

In construing that statute by the Supreme Court of that State, it was decided that the usury laws could only be taken advantage of as a defence in the manner prescribed by law, and that the party's only remedy was to set up usury in his answer, and prove a tender of the amount due—Rock River Bank v. Sherwood, 10 Wis. 230. So in Illinois, it is held that usurious interest, once voluntarily paid, cannot be recovered back as money advanced, or had and received. The statute gives a defence but not a cause of action—Hadden v. Inness, 24 Ills. 381.

If the conclusion to which we have arrived as to the true construction of the statute concerning usury had been different, still this proceeding could not be sustained.

Whatever claim the defendant Bagby had against the garnishee Hays rested purely in unliquidated damages, and was not the subject of garnishment. It is a well established principle that a mere liability of the garnishee to an action on the part of the defendant for damages not liquidated, as for negligence, fraud, wrongful conversion, or for the recovery from a creditor of usurious interest paid him by a debtor, cannot be the foundation of a judgment against the garnishee—Drake on Attach. § 548, and authorities cited.

The judgment is affirmed.   The other judges concur.