Livingston v. Burton.

C. Livingston, Respondent, v. Margaret Burton, Appellant.

Kansas City Court of Appeals, January 5, 1891.

1. **Usury:** ACTION TO RECOVER: LAW AND EQUITY. Usurious interest paid cannot be applied in the reduction or extinguishment of the principal debt; and in an action at law such interest can neither be recovered back nor treated as payment of the principal debt; and equity will follow the law and refuse its aid to enable the payer of unlawful interest to recover it back or have it applied as payment on the debt itself.

2. ————: ACTION TO ENJOIN MORTGAGE SALE V. ACTION TO RECOVER BACK THE USURY. An action to restrain a mortgage sale on the ground that usurious interest paid should be applied as payment on the mortgage debt would in effect be to allow the recovery of the usurious interest.

*Appeal from the Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*John C. Trigg* and *E. O. Brown*, for appellant.

(1) The finding and decree of the trial court were contrary to and entirely unsupported by the evidence, and ought not to stand. (2) Although the monthly payments of $4.17 per month were actually paid by plaintiff as usurious interest upon the balance remaining due on the Barramore note to procure an extension of time, such payments cannot be applied in reduction of the principal. *Kirkpatrick v. Smith*, 55 Mo. 389; *Perrine v. Poulson*, 53 Mo. 309; *Ransom v. Hays*, 39 Mo. 445. The usurious interest having been paid to defendant the plaintiff can have no standing in a court of equity for a deduction or allowance on account of the usurious interest so paid. *Nelson v. Betts*, 21 Mo. App.

219; *Rutherford v. Williams*, 42 Mo. 18. (3) The
court below erred in allowing the plaintiff credit on the
note in question, amounts paid as usurious interest in
procuring an extension of time, and in applying such
payments in extinguishment of the note secured by the
mortgage. See authorities cited under point 2. (4) It
is a familiar maxim that he who seeks equity, must do
equity. So far as the contract to pay usurious interest
is illegal the plaintiff is in the situation of a wrongdoer
as well as the defendant, and equity will not relieve
him. Equity will not aid the plaintiff to recover back
usurious interest voluntarily paid, nor can the plaintiff
be allowed in this proceeding a deduction or credit for
the usurious interest so paid. *Rutherford v. Williams*,
42 Mo. 35; *Nelson v. Betts*, 21 Mo. App. 234.

*Haseltine Bros.* and *J. W. McIntyre*, for respondent.

(1) There is no error in this case. The judgment
is correct and for the right party. (2) Appellant's
first point is wrong on any theory of this case.
(3) Appellant's second, third, fourth and fifth points
are supposed to be based upon the five cases analyzed
below, which show that his points are not well taken:
*First.* The case of *Kirkpatrick v. Smith*, 55 Mo. 389,
turned on the pleadings and parties to the suit. It is
the case of an indorsee before maturity suing. Hence
no equities could be set up in that case, and is correct
on the facts there stated. *Second.* In the case of *Nelson
v. Betts*, the money had all been paid, and it was an
attempt to recover it back with damages, as shown in
the same case, 30 Mo. App. 10, and not like the case at
bar. *Third.* The case of *Rutherford v. Williams*, 42
Mo. 18, was also a case to recover back money paid and
get damages, and is not in point. *Fourth.* In *Ransom
v. Hays*, 39 Mo. 445, the common-law rule is stated
that usury might be recovered back, and that it is
modified only so far as the statute has changed it. The

reason plaintiff cannot recover it back is, because the statute gives the interest to the school fund when usury is pleaded. R. S., sec. 5976. *Fifth.* The case of *Perrine v. Poulson*, 53 Mo. 309 (which makes all the authorities referred to by appellant), is the only one in point, and it expressly decides that equity will take hold of this kind of a case, and says: "The plaintiff has the right to redeem his land by paying what was due to the defendant after deducting the usurious interest." This last authority, the only one in point, fully sustains the decision of the circuit judge in plaintiff's favor, in the case at bar.

SMITH, P. J.—This was a proceeding for an injunction to restrain the defendant from selling certain real estate under a mortgage, and for the release and cancellation of the said mortgage on the record. The facts of the case were, that one Barramore, on July 11, 1882, borrowed of defendant $300, giving his note therefor, payable twelve months after date with interest at the rate of ten per cent. from maturity, and to secure the payment of which he executed a mortgage on certain real estate. At the time of the giving of the said note, Barramore also executed twelve other notes for $5 each, all of which were payable at different dates, within one year, and which were for the interest on the said $300 note up to maturity; there were several payments made on the note so that there remained due on the note at the time of the commencement of this suit something like $175, with perhaps some interest. Barramore paid two of the interest notes, and then sold his equity of redemption in the real estate to plaintiff, who assumed the payment of the mortgage debt, and who made the partial payment on the note and also paid all the remaining interest notes, and after that he continued to pay interest on the amount of the mortgage debt, remaining unpaid, from time to time at the rate of twenty per cent. per annum until about February, 1889.

The circuit court found the interest paid was usurious, and applied the same as payments on the mortgage debt, which being equal to it in amount, the same was adjudged as extinguishment of it, and decree according to the prayer of the petition. The defendant appeals.

I. The decisive question, which we must determine, is whether or not the plaintiff, who has paid interest to defendant on his mortgage debt in excess of the rate allowed by law to an amount equal to the mortgage debt itself, is entitled to have that excess applied as a payment on said debt, and in satisfaction thereof. In *Hawkins v. Welch*, 8 Mo. 490, it was intimated that a party paying usurious interest might recover it back in an action at law. The case was decided in 1842, while the statute of 1835 was in force, and was based mainly on the common-law rule as declared in *Wheaton v. Hibbard*, 20 Johns. 293. The "act regulating interest on money," approved November 20, 1855, 1 Revised Statutes, 1855, section 889, has been a part of the statute law of the state since that time, and must govern this case. It prohibits the taking of a higher rate of interest than is therein specified, and declares that when any suit is commenced on any bond, note, etc., made in this state, the defendant may in his answer, show that a higher or greater rate of interest than ten per cent. was therein agreed for or received or taken; and, that if the answer of the defendant to any such suit shall be sustained by the verdict of a jury or the finding of the court, the court shall render judgment on such finding or judgment for the real sum of money actually lent and interest on the same at the rate of ten per cent. per annum, upon which judgment the court shall cause an order to be made setting apart the whole interest for the use of the county for the benefit of the common schools. The only effect of this statute upon the usurious contract is to forfeit the interest to the counties for the benefit of the school fund. No provision is made by which the borrower can recover it back

when he pays it of his own voluntary will.   The statute
supersedes and modifies the common law and diverts
the interest from the parties and appropriates it to the
use of the common schools.

In *Ransom v. Hays*, 39 Mo. 445, it was declared
that the statute does not contemplate the recovery back
of unlawful interest once paid on a usurious · contract ;
the law does not make such contract absolutely void,
and if the party completely and voluntarily performs
his part of the contract by paying the usurious interest
he is remediless."   In the case last cited, the rulings of
the supreme courts of Wisconsin and Illinois (*Rock
River Bank v. Sherwood*, 10 Wis. 230; *Hadden v.
Inness*, 24 Ill. 381 ), upon similar statutory provisions
to the effect, that the statute gives a defense but no
cause of action, were approved and adopted.   *Ruther-
ford v. Williams*, 42 Mo. 35, was a case where the
defendant loaned the plaintiff $5,500, payable in three
years after date at an usurious rate of interest, *which
was taken out of the sum loaned*, the debt being secured
by a deed of trust on real estate.   The plaintiff failing
to pay the debt so secured at maturity, the defendant,
under the power contained in the deed, sold the real
estate.   The plaintiff brought a suit in equity, the
object of which was to charge the defendant in account
with the value of the real estate $25,000, together with
the rent from date of the sale, and be credited with
$4,006, the actual amount loaned, and ten per cent.
interest from the date of the notes, and to have defend-
ant adjudged to pay plaintiff the sum found due on
such accounting.   The circuit court deducted the
amount of the usurious interest paid by plaintiff from
the amount of the loan.   The supreme court in review-
ing the action of the circuit court in that regard said :
" Here the usury is to be considered as having actually
been paid.   The defendant had the right to pay himself
in full out of the money received, and the plaintiff can
have no deduction or allowance on account of the

usurious interest so paid." *Perrine v. Poulson*, 53 Mo. 309, was a proceeding in equity to redeem a lot from a mortgage with power of sale, and for an injunction. The lot had been incumbered by a prior owner. The note, secured by the incumbrance, consisted largely of usurious interest. In disposing of the case the court says that " If the debtor had paid usury subsequent to the execution of the mortgage, he could not recover it back. Nor can the plaintiff here be allowed credits for such usury so paid. But he alleges the note itself is made up in part of usurious interest. The defendant would not be allowed to recover back such interest, and it is not legally due him. The defendant has the right to redeem his land by paying what was due to defendant after deducting the usurious interest." *Kirkpatrick v. Smith*, 55 Mo. 390, was where the indorsee sued the maker and indorser on a promissory note, and the maker set up the defense that the indorser had made the indorsee, the plaintiff, certain payments. Judge ADAMS in delivering the opinion of the court remarked that, if the payments "be treated in the light of usurious interest paid for the extension of time, they could not be recovered back or applied as credits on this note." *Nelson v. Betts*, 21 Mo. App. 219, was a bill in equity which had for its object among other things the redemption of certain personal property from a mortgage which had been given to secure a note for $25 bearing ten per cent. interest per month. The court said, *inter alia*, that "equity does not aid a party to recover back usurious interest. The plaintiff will not be entitled to recover * * * anything on account of the interest which she may have paid upon the sum of $25 at the rate of ten per cent. per month according to the original agreement."

Applying the principles of the cases to which we have referred to the case under consideration, it is quite clear that the action of the trial court cannot be upheld. The usurious interest paid by defendant cannot be

applied in the reduction or extinguishment of the principal debt evidenced by the note. In an action at law usurious interest *cannot either be* recovered back or be treated as a payment of the principal debt. And equity, which will follow the law in cases of this kind, will refuse its aid to a party who has paid such unlawful interest to enable him either to recover it back or to have it applied as a payment on the debt itself. *Murdick v. Lewis*, 26 Mo. App. 247. It is true this is not an action for the direct recovery of the usurious interest paid by the plaintiff, but it is rather an action for the indirect recovery of such interest. To allow the plaintiff to have such usurious interest applied as a payment on the mortgage debt would, in effect, be the same thing as to allow him to recover it in a direct action for that purpose. It is a well-established maxim of the law that one cannot be permitted to do indirectly that which he cannot do directly. The statute on the one hand disables the lender from recovering unlawful interest on a usurious contract, and on the other, where such interest has been voluntarily paid on such contract, affords no remedy to the borrower, either at law or in equity, to recover it back. The borrower, like the lender, in such case is regarded as a wrongdoer where equity will not relieve. *Rutherford v. Williams, supra;* 1 Story Eq. Jur., sec. 301.

Before the plaintiff can have any standing in a court of equity he must offer to pay the defendant what is actually due on her note, leaving out of consideration the amount of usurious interest paid, upon the principle of the maxim that he who asks equity must do equity. The plaintiff has not met by his pleadings or evidence the requirements of this just rule. It must needs follow from these considerations that the decree of the circuit court will be reversed. All concur.