## HASELTINE et al. v. CENTRAL NATIONAL BANK, Appellant.

### Division One, March 14, 1900.

1. Federal Statute: INTERPRETATION BY FEDERAL COURT. A decision by the Supreme Court of the United States, construing the national Bank Act or other United States statute, is binding on the courts of this State.

2. Usurious Interest: NATIONAL BANK NOTE. One who has paid usurious interest on a note given to a national bank can not under the Federal statute and the authoritative interpretation thereof by the United States Supreme Court, maintain a suit to recover twice the amount of the usurious interest by him paid unless he has paid or offers to pay the principal of the note.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

REVERSED AND REMANDED.

*Massey & Tatlow* for appellant.

Until plaintiffs had paid the entire debt, principal and interest, to the bank they could not recover the excessive or usurious interest they had paid on that debt. Wheaton v. Hibbard, 20 Johns. 293; Hawkins v. Welch, 8 Mo. 490; Rutherford v. Williams, 42 Mo. 18; Livingston v. Burton, 43 Mo. App. 272; McBroom v. Scottish Mtg. Co., 153 U. S. 318.

*Geo. S. Rathbun* and *S. A. Haseltine* for respondents.

(1) In this appeal it is admitted by defendant bank that it violated the U. S. statute. It admits that it charged and received the greater rate of interest. It admits that plaintiffs actually paid the money which was by it unlawfully

applied to the usurious interest. Appellant's brief says: "It is further conceded, defendant violated that law." Admitted that the law is violated, does the statute not begin to run? Can the statute begin to run before plaintiffs' cause of action is complete? It has charged and received the usury. The transaction was complete and it is so admitted. (2) But defendant refers to and relies on some cases based on the common law, equity, and state statutes as a defense to a suit based on an express act of Congress creating national banks. It is universally now held that these decisions do not apply to this kind of a case. Where the usury is included in the note and renewal notes (not paid), the courts hold there is a *locus penitentiae.* Hence the statute does not begin to run until the principal of the debt is paid, for the bank may receive the usury contracted for. But where as in this case the usury is actually paid the right to the penalty is fixed. Exter Nat. Bank v. Orchard, 61 N. W. Rep. 833; Stout v. Ennis Nat. Bank, 69 Tex. 384; Lebanon Nat. Bank v. Karmany, 98 Pa. St. 65; Brown v. Marion Nat. Bank, 169 U. S. 416.

MARSHALL, J.—This case is the counterpart of the case of Central National Bank v. Haseltine, 155 Mo. 58. It is an action under section 5198 R. S. U. S. 1878, to recover $831.70, that being double the amount of the usurious interest paid by the plaintiffs to the defendant on the note for $2,240, on which the defendant obtained judgment against the plaintiffs in the other case referred to. It is conceded that the plaintiffs paid the defendant the sum of $415.85 to procure extensions of the note for $2,240, from time to time, between October 29, 1894, and June 14, 1896. It is also conceded that such payments were for usurious interest, and that the defendant in accepting and receiving the usury has violated the Federal statute. The sole defense is that the party who has paid usurious interest can not

maintain an action, under that statute, to recover twice the amount so paid, until he has paid the principal sum due, or at least, unless he tenders the principal, and it is admitted that the plaintiffs have not done this.

In support of this contention the defendant relies upon Wheaton v. Hibbard, 20 Johns. (N. Y.) 293; Hawkins v. Welch, 8 Mo. 490; Rutherford v. Williams, 42 Mo. 18; Livingston v. Burton, 43 Mo. App. 272, and McBroom v. Scottish Inv. Co., 153 U. S. 318.

In the New York case it was pointed out that the statute of that State permitted a borrower to recover the excess of interest, over the legal rate paid, in an action of debt, if the suit was begun within one year, and if the borrower did not sue within such year, then any other person could institute such an action within the second year, and one half of the recovery went to the person suing and the other half to the poor of the town in which the offense was committed. It was also shown that at common law, under the statute of 12 Anne, ch. 16, "the party receiving more than the legal rate of interest forfeited the treble value of the moneys or things lent" to be recovered in an action for money had and received. "But the party injured can not recover any part of the principal and legal interest; and to entitle him to maintain the action, he must show that he has done all that equity requires. Bacon, Usury, G. 1 Term Rep. 153." And it was held that the statutory remedy did not supersede the common law remedy, but that the remedies were concurrent. The suit was not brought until more than two years after the offense was committed, and it was held that the action was under the common law remedy, and that at common law the suit could not be maintained so long as the principal and legal interest remained unpaid, but as the defendant had not pleaded or proved that it had not been paid, it would be inferred that it had not been paid.

Hawkins v. Welch, 8 Mo. 490, was an action to recover

usurious interest paid, and Wheaton v. Hibbard, 20 Johns. 290, was followed. The whole of the principal had not been paid, and the court said: "And if the plaintiff now obtain a judgment against the defendant for $90, and collect that money from the said defendant, the plaintiff may himself become insolvent, and be unable to pay the principal, or rather what remains of the principal."

Rutherford v. Williams, 42 Mo. 18, was a suit by a grantor against the *cestui que trust* in a deed of trust for the value of the property sold under the deed of trust, less the debt secured thereby, which it was alleged had been fraudulently foreclosed. There was an allegation that usurious interest had been exacted. In the course of the opinion it was noted that usurious interest once paid could not be recovered (Ransom v. Hays, 39 Mo. 445), but it was held that equity would not aid a borrower except on condition that the principal and legal interest were paid.

Livingston v. Burton, 43 Mo. App. 272, was an injunction to restrain a sale of real estate under a mortgage and for a cancellation of the mortgage. The circuit court found that usurious interest had been paid, which equalled the amount of the debt, and therefore canceled the mortgage. The Kansas City Court of Appeals reversed that decree, and held that usurious interest once paid could not be recovered or applied in extinguishment of the principal, and that the plaintiff was not entitled to have the mortgage in question canceled unless he offered to pay what is due on the principal debt, "leaving out of consideration the amount of usurious interest paid."

McBroom v. Scottish Inv. Co., 153 U. S. 318, was an action under the statute of New Mexico by a borrower to recover double the amount alleged to have been paid by him to the lender as usurious interest. The statute of New Mexico, in this regard, is very much like the National Banking Act, except that the limitation is three years instead of two.

The plaintiff borrowed of the defendant $65,000, evidenced by his notes maturing at stated times, and secured it by a mortgage on land, live stock, etc.   For securing the loan, the plaintiff paid the agent of the defendant $6,500, which the defendant knew of and afterwards received from the agent.   The plaintiff paid one interest note, and then quit paying, but at once sued the defendant for $13,000, double the $6,500 so paid as usury.   He recovered judgment for that amount in the lower court, but on appeal, the Supreme Court of New Mexico, reversed the judgment below, and held "that the borrower was not entitled to recover the statutory penalty while any portion of the amount really loaned, with legal interest, after crediting all payments, remained unsatisfied."   The case then went to the Supreme Court of the United States, where Mr. Justice HARLAN delivered the opinion of the court.   After calling attention to the similarity between the statute of New Mexico and the National Banking Act, and holding that the taking of usurious interest did not cut off a right to recover the sum actually loaned, he said:   "The contract of loan not being void, except as to the excess of interest stipulated to be paid, the question arises whether the lender is liable to an action for the penalty prescribed by the statute, so long as the principal debt, with legal interest thereon, after deducting all payments, is unpaid.   We are of opinion that this question must be answered in the negative.   While, under the statute, the mere charging of usurious interest may be a misdemeanor for which the lender can be fined, whether such usurious interest is or is not collected or received, the borrower has no cause of action until usurious interest has been actually collected or received from him.   Such is the mandate of the statute. And interest can not be said to have been collected or received, in excess of what may be lawfully collected and received, until the lender has, in fact—after giving credit for all payments—collected or received more than the sum loaned,

with legal interest.   Such, in our judgment, is the true construction of the statute of New Mexico.   In this view, the limitation of three years, within which the borrower may sue for double the amount of usurious interest collected and received from him, does not commence to run, and therefore, the cause ·of action does not accrue, until the lender has actually collected or received more than the original debt with legal interest.   These conclusions are supported by adjudged cases.

"In Duncan v. First Nat. Bank of Mount Pleasant, in the district court of the United States for the western district of Pennsylvania, it was said:  'From the origin of the loan, from the retaining of the first discount through all the renewals up to the time of final payment of the principal, or up to the time of entering judgment, there is a *locus penitentiae* for the party taking the excessive interest.   Any time till then he may consider the excessive interest paid on account of the loan, and so apply it and lessen the principal......  Up to that time he may make his election.   When payment is actually made or judgment entered, the election is made, and if, as in these cases, judgment is entered for the face amount of the notes or full amount of the loan, or payment is taken in full without any reduction by taking out the excessive interest, the cause of action is complete.'   Thompson's National Bank Cases, 360, 362.

"In Stevens v. Lincoln, 7 Met. 525, 528, which was an action under a statute of Massachusetts, authorizing suit to recover threefold the amount of interest paid, it being alleged that interest had been paid at a greater rate than the law allowed, the court said:  'In regard to the payment of $1,458.91, whether this was a payment of the usurious interest or a part of it, we are of opinion, that while the usurious interest is unpaid, there remains the *locus penitentiae*; that the party may relinquish it, and recover for the balance of his debt—the contract not being rendered void by the

statute. And in the absence of proof as to any appropriation of a partial payment, the law will apply a payment to the valid demand rather than to the illegal one; and the balance which remains unpaid, if it exceeds the usury agreed to be paid, includes the usury; so that, on one side, the debtor shall not recover back any part of that which he honestly owed, by the allegation, on his part, that the payment made by him was the payment of the usury; nor, on the other hand, will the law permit the creditor to secure to himself the avails of his illegal contract, and when he sues for the balance due on the contract, to aver that the usurious interest was contained in the previous payment, and that the residue is justly due.' The same rule was affirmed in Saunders v. Lambert, 7 Gray 484, 486.

"So in Harvey v. National Life Ins. Co., 60 Vermont, 209, 211: 'As the result of that transaction the plaintiff went away with nine hundred dollars in money—all he had ever received from the defendant as his own money, and the defendant with the plaintiff's note for $1,000......Hence the one hundred dollar usury entered into and became a part of the mortgage note. The payments made by the plaintiff and by Mrs. Hardaker prior to the time of taking up the note, would in law be applied towards the payment of the legal portion of the note......All the payments made by her, as well as those made by the plaintiff, up to the final payment, were in law to be applied towards the liquidation of the legal portion of the note. Hence, the plaintiff is entitled to recover what was then legally due upon the note after applying the payments made thereon in liquidation of the legal portion of the note with interest.' To the same effect are the following authorities: Kendall v. Crouch, 88 Kentucky, 199, 202; Smith v. Robinson, 10 Allen, 130, 132; Hawkins v. Welch, 8 Missouri, 490, 492; Hall v. Fairfield Bank, 30 Nebraska, 99, 102; Jackson v. Garner, 79 Georgia, 415.

"In Wright v. Laing, 3 B. & C. 165, 169, which was an action to recover the penalties of the statute of usury, ABBOTT, C. J., said: 'None of the payments were appropriated by either party at the times of payment. If the law ought now. to make such an appropriation as the pleader has supposed in this count, the count will be sustained by the proof, otherwise not. We think the law ought now to make such an appropriation......And such an appropriation works no prejudice to the party; it leaves him only where by his own conduct he placed himself; and in the case I have put of the payment of one bill and non-payment of the other, if an action for the penalties of the statute should be brought, the same principle of law would protect the defendant, by applying the payment of the first bill to the legal demand, and not permitting the then plaintiff to apply it to the illegal demand, that it is to the loan and interest, although it be precisely of the same amount; because peradventure, the lender might repent the illegal bargain and refuse to receive the full amount of the second bill, and the law will allow him the opportunity of doing so, that he might not be deemed a receiver of the usurious interest, without clear evidence that he had not only bargained to· receive, but had actually received, such interest. And if the law will make this appropriation of the payment in the two cases that I have put, in the one instance against the lender, and to prevent him from enforcing an illegal bargain, and in the other instance in favor of the lender, and to protect him from being subject to a penalty for an illegal *bargain only*, it seems very plainly to follow that a similar appropriation ought to be made by law in the case before the court......And this, in effect, is only saying that where a person has two demands, one recognized by law, the other arising on a matter forbidden by law, and an unappropriated payment is made to him, the law will afterwards appropriate it to the demand which it acknowledges, and not to the demand which it prohibits.'

"For the reasons stated, we are of opinion that this action can not now be maintained under the statute, and, consequently, the court below properly reversed the judgment of the court of original jurisdiction and entered judgment in favor of the defendant.

"It is proper to say that the questions determined in Barnet v. National Bank, 98 U. S. 555; Driesbach v. National Bank, 104 U. S. 52; Stephens v. Monongahela Bank, 111 U. S. 197, and Carter v. Carusi, 112 U. S. 478, do not arise here. No question is presented in the case before us as to whether the borrower, when sued for the principal debt and legal interest, may, of right, set off the amount of any penalty prescribed by the statute of New Mexico.

"The judgment of the Supreme Court of the Territory is therefore affirmed."

This must be taken as an authoritative interpretation of the meaning of section 5198, R. S. U. S. 1878, and as that is a Federal statute, the construction thereof by the Supreme Court of the United States must be followed by this court. Under the rule there laid down, the plaintiffs herein are not entitled to maintain this action, for there is no allegation or proof that they have paid or offered to pay the debt actually due, that is the amount actually received by the plaintiffs from the defendant.

It is contended, however, by the plaintiffs that the decision of the Supreme Court of the United States in Brown v. National Bank, 169 U. S. 416, establishes a different rule and authorizes a recovery in this case. This is a misapprehension. Mr. Justice HARLAN delivered the opinion in the McBroom case and also in the Brown case, and in the Brown case he cites and reaffirms the McBroom case. In the Brown case it did not appear how much of the usurious interest had been paid and how much was included in the face of the note. It is argued, however, that including it in the face of the note was a payment, but the Supreme Court held that

not to be the law. The rule is clearly laid down, however, that if usurious interest is included in the face of the note, it should, in a suit on the note, be credited on the note or eliminated from the note, but no action could be maintained under section 5198 to recover it, because it had not been actually paid, and that only usurious interest actually paid, could be recovered under that section. This is all that the Brown case decides. The question whether an action for usurious interest actually paid could be maintained without allegation and proof that the debt itself had been paid or without an offer to pay it, was not raised, discussed or passed on in the Brown case, except so far as approving the Mc-Broom case, which so held, may be regarded as an inferential determination of that question, and so regarded, it cuts off the plaintiff's right to maintain this action.

Thus it will be seen that the Supreme Court of the United States puts the same construction upon the Federal statute, that courts of equity and the courts of law, where the statute of 12 Anne is in force, place upon the rights of the borrower and lender; that is, that courts will neither aid the lender to collect usurious interest promised to be paid, nor will they aid the borrower to recover such usurious interest actually paid, unless he has paid or offers to pay the amount of money actually received from the lender.

The judgment of the circuit court is therefore reversed and the cause remanded to be proceeded with in accordance herewith. All concur.