HERSCH D. WEITZ, APPELLANT, v. FREDERICK J. QUIGLEY, RESPONDENT.

Submitted December 6, 1915—Decided March 6, 1916.

1. The theory of the common law is that money, paid usuriously upon a loan, is had and received by the lender for the use of the borrower under an implied promise to repay it to him.
2. A debtor sued in the District Court can set off and enforce against the plaintiff a claim for usury arising out of transactions between the plaintiff and a third person, duly assigned to the debtor.

On appeal from a judgment of the Supreme Court.

For the appellant, *Abraham Levitan.*

For the respondent, *Charles W. Kappes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court affirming a judgment of the Second District Court of Jersey City. The suit was instituted by Weitz upon a promissory note for $400, dated May 5th, 1913, made by the defendant, Frederick J. Quigley, to the order of his father, James H. Quigley, and by the latter endorsed to the plaintiff. The defendant filed a cross-demand by way of set-off, claiming a right to recover from the plaintiff the sum of $414.38 for usurious interest charged James H. Quigley by the plaintiff on certain promissory notes made

from time to time by the defendant for the accommodation of his father, and endorsed by the latter to the plaintiff, and the right to recover which had been assigned by James, the father, to the defendant, by a formal writing. The District Court found in favor of the defendant on his claim of set-off, and gave judgment against the plaintiff for $14.38, that being the amount claimed by the defendant over and above the note sued on by the plaintiff. On the appeal, the Supreme Court considered that there was evidence in the record sent up to it which would support the judgment of the District Court, and thereupon affirmed.

The present appeal presents two questions for decision— *first,* can a debtor when sued in the District Court set off and enforce against the plaintiff a claim for usury arising out of entirely independent and unconnected transactions between them? In the case of *Brown* v. *McIntosh,* 39 *N. J. L.* 22, it was held by the Supreme Court that an action will lie in favor of a borrower against a person who has loaned the money to him, for moneys paid usuriously upon such loan; that this right of action existed at common law, and was not destroyed or modified by the present Usury act. The doctrine of this case was reiterated in *Hintze* v. *Taylor,* .57 *Id.* 239. The theory of the common law is that money paid usuriously is had and received by the lender for the use of the borrower under an implied promise to repay it to him, and the form of action is *assumpsit* for the breach of this implied promise. *Wheaton* v. *Hibbard,* 20 *Johns.* 290; *Schroeppel* v. *Corning,* 5 *Den.* 236. The right of the borrower to maintain an action for the recovery of usurious payments being established, it follows that he may set off the same in an action brought against him by the lender to recover a debt arising out of an entirely independent transaction, this latter right being given by our revised "act concerning set-off." *Comp. Stat.,* p. 4836; *Naylor* v. *Smith,* 64 *N. J. L.* 358.

The other question raised by the appeal is whether, when a party is sued in the District Court for a debt due from him to the plaintiff, he may set off against the plaintiff a claim for usury arising out of transactions between the plaintiff and a

third person, and duly assigned by the latter to him. We see no reason to doubt his right to do so. Section 19 of the Practice act of 1903 provides that all choses in action arising on contract shall be assignable at law, and that the assignee may sue thereon in his own name. As we have already stated, the right of the party who has paid usury to recover it back from the lender arises out of the implied contract of the latter to repay to the borrower the money so received. It is, therefore, assignable under the statutory provision just adverted to. *Van Pelt* v. *Schauble,* 68 *N. J. L.* 638. Being a chose in action upon which the assignee may bring suit in his own name, his right to set it off in an action brought against him by the person who has received the usurious payment is complete, for the reason already stated.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.