THE MONITEAU NATIONAL BANK, *Appellant,* v. MILLER.

1. **National Banks**: USURY: APPLICATION OF PAYMENTS: STATUTE OF LIMITATIONS. A note discounted by a national bank at a usurious rate of interest was several times renewed, and partial payments were made by the debtor. *Held,* that since the national banks are forbidden by the act under which they are organized ,to take usurious interest, such payments were to be applied in reduction of the principal. *Held,* also, that the fact that the transaction did not take place within two years, would not prevent the court from declaring the interest forfeited. The two year limitation prescribed by the act applies only where an action is brought by the borrower to recover usurious interest paid.

2. **Referee**: PRACTICE. The court may accept the report of a referee as to facts found, without accepting his inferences or conclusions of law.

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED.

*Owens & Wood* for appellant.

1. In an action by a national bank, defendant cannot be allowed a counter claim for unlawful interest paid by him more than two years prior thereto. U. S. Rev. Stat., § 5198; *National Bank v. Boylan,* 2 Abb. New Cases 216; *Higley v. National Bank,* 26 Ohio St. 75; *s. c.,* 20 Am. Rep. 759; *Shinkle v. National Bank,* 22 Ohio St. 516; *Thompson's National Bank Cases,* 798, 824, 833. The two years limitation begins to run from the time of payment of the usurious interest; (*Brown v. National Bank,* 82 Pa. St. 209;) and is to be compute d up to the time of the filing of the answer setting up the usury. *Higley v. Bank, supra; Thompson's National Bank Cases,* 849. The notes sued on were executed severally on the 28th day of April and the 28th day of June, 1875. This suit was instituted February 19th, 1877. The amended answer, setting up the defense of usury, was filed March 13th, 1878, or nearly three

years after the notes were given.   It seems plain from the foregoing authorities that the statute of limitation is a full and complete bar to this defense.

2.   When payments have been made by a principal, and appropriated by the creditor with the consent or assent of such principal, such appropriation cannot afterward be changed to suit the convenience or interest of the surety. The evidence is uncontradicted that whenever a payment was made by Reed, the principal, it was appropriated first to the payment of the interest, and if the payment exceeded the amount of the interest included in the prior note, the excess was credited on the principal, and that these appropriations were made with the knowledge and consent of Reed.

3.   After the court set aside the report of the referee, it had no evidence before it and could render no judgment. There should, therefore, be a reversal.

4.   The provision of the national bank act against usury, is highly penal and should be strictly construed. It should certainly not be applied to the interest paid on the debt while the bank was a State institution.

*Moore & Williams* for respondent.

1.   The court had full power to review the referee's conclusions of law, and to enter up a proper judgment. The evidence taken and reported in full by the referee was still before the court.   Wag. Stat., p. 148, §§ 41, 42; p. 1041, §§ 17, 18, 19.   *O'Neill v. Capelle*, 62 Mo. 202; *Ely v. Ownby*, 59 Mo. 437; *Woodrow v. Younger*, 61 Mo. 395; *Edwardson v. Garnhart*, 56 Mo. 81.

2.   As shown by the evidence, and as would also result as a matter of law, plaintiff assumed all the contracts, obligations and liabilities of its progenitor, the Bank of California, including this debt, and it was tainted with usury at its inception, and so was every renewal.   Edwards on Bills and Notes, (2 Ed.) 333, 334; 2 Parsons on Bills

and Notes, 420, note N; *Moncure v. Dermott*, 13 Pet. 345; *Walker v. Bank*, 3 How. 62. The notes sued on carry all usurious interest with them. *National Bank v. Eyre*, 52 Iowa 114; *s. c.*, 9 Rep. 83; *Brown v. National Bank*, 72 Pa. St. 209; *Wiley v. Starbuck*, 44 Ind. 298. Payments made generally on a note bearing usurious interest will be applied to the satisfaction of the principal. *Bank v. Slemmons*, 34 Ohio St. 142; *In re Wild*, 11 Blatch. 243.

3. The moment usurious interest is taken or charged, the forfeiture is established, and any party to the transaction may avail himself of it if payment is sought to be enforced against him. The interest-bearing power of the obligation is destroyed, and there will be no time from which it can bear interest after the bank has exacted illegal interest. U. S. Rev. Stat., § 5198; *National Bank v. Lewis*, 75 N. Y. 516; *In re Wild*, 11 Blatch. 243; *Lucas v. National Bank*, 78 Pa. St. 231; *s. c.*, 21 Am. Rep. 17; *Overholt v. National Bank*, 82 Pa. St. 490; *Brown v. National Bank*, 72 Pa. St. 209; *Bletz v. National Bank*, 87 Pa. St. 87; *Cake v. National Bank*, 86 Pa. St. 87; *s. c.*, Thomp. Nat. Bk. Cases 890.

4. The statute of limitations does not apply to this case. There is no such thing as novation in a case like this. *Overholt v. National Bank*, 82 Pa. St. 490. The forfeiture claimed is not in the nature of an offset, and defendant does not seek to have the amount overpaid on the first note credited on the second. Only the sum loaned without interest can be recovered. All interest that accrues, including that after due as well as before, is forfeited. *Shunk v. National Bank*, 22 Ohio St. 508; *s. c.*, 10 Am. Rep. 762; *Barnet v. National Bank*, 98 U. S. 555; *First National Bank v. Stauffer*, 10 Reporter 70.

HENRY, J.—This is a suit on two promissory notes, discounted by plaintiff, which defendant signed as surety for one Reed. In 1869 Reed borrowed of the Bank of California, a corporation organized under the laws of

this State, $1,041, and executed his note for that amount payable ninety days after its date, with defendant as his surety, but received on the discount thereof but $996.40, the bank stipulating for the payment of $49.60 interest for said loan, $26.15 of which was in excess of the legal rate of interest, the whole amount of interest being included in the note. It was renewed every ninety days; Reed occasionally, at said renewals, making payment, and at the other renewals borrowing additional sums which were included in the renewal notes. In 1874 the Bank of California was organized under the national currency act, as the Moniteau National Bank of California, and the notes in question, one for $731.30, dated April 28th, 1878, and the other for $400, dated June 28th, 1875, each payable in ninety days, are renewals of the original notes executed to the Bank of California.

The defense was usury, and by an agreement there was a reference of the cause to R. F. Stevenson, Esq., who heard the testimony and made his report of the same to the court, with special findings of facts, giving a detailed history of each note, and with respect to the note for $731.30, which represents the original note for $1,041, finding that at the end of 180 days from its inception, to-wit; the 14th day of February, 1870, Reed, the principal, had made payments thereon, which not only covered interest then accrued but reduced the principal; that these payments were applied to discharge the interest; also that the full amount of the money actually received by Reed on the discount of that note, and loans subsequently obtained and included in renewals thereof, had been overpaid by $242.40. The court found for defendant on the first count, and that deducting all interest, there was due plaintiff on the other note, on the 28th day of September, 1875, $107.35, and rendered judgment accordingly, from which plaintiff has appealed.

By the 30th section of the National Currency act, "The knowingly taking, receiving, reserving or charging a rate

1. NATIONAL of interest greater than aforesaid, (that al-
BANKS: usury: ap-
plication of pay- lowed by local law, here ten per cent per an-
ments: statute of
limitations: annum,) shall be held and adjudged a forfeit-
ure of the entire interest which the note, bill, or other
evidence of debt carries with it, or which has been agreed
to be paid thereon." In the *First National Bank of Mor-
ristown v. Stauffer*, decided by the United States circuit
court for the western district of Pennsylvania, February
13th, 1880, (10 Reporter 70,) the bank had charged and re-
ceived more than the legal rate of interest for the period
which elapsed between the date and maturity of the note,
and the question was, whether that fact subjected the bank
to a forfeiture of the interest which accrued afterwards,
and it was held that it did. The court observed that "The
'entire interest which the note carries with it,' is forfeited,
and if this means all the interest which accrues upon it, as
I think it clearly does, it is difficult to understand how
any part of it is recoverable." In *Barnet v. National Bank*,
98 U. S. 555, it was decided that: "When illegal interest
has been stipulated for, but not paid, then only the sum
lent without interest can be recovered;" and that the effect
of a stipulation for illegal interest by a national bank is to
deprive it of the right to recover more than the sum lent
without interest. In the *National Bank v. Stauffer, supra*,
the court said: "The receiving of illegal interest in fur-
therance of a stipulation to that effect, cannot place the
bank upon any better footing." In the case at bar illegal
interest was charged and included in the first note and in
each renewal thereof. The note in suit includes nothing
but interest, legal and usurious. All the money received
by Reed on the discount has been paid. Payments made
generally on a note bearing usurious interest, will be ap-
plied to the satisfaction of the principal. *Bank v. Slem-
mons*, 34 Ohio St. 142; s. c., 32 Am. Rep. 364; *In re Wild*,
11 Blatch. 243. When renewal notes have been given in
continuation of the same original loan, the taint of usury
in the first transaction attaches to all such renewals, and

when the bank sues on the last renewal note, the borrower is entitled to credit for all the interest paid by him on the loan from the beginning, and not merely to the excess above the legal rate. *Overholt v. National Bank of Mt. Pleasant*, 82 Pa. St. 490. "Whenever a national bank charges or stipulates for an illegal rate of interest, all payments of interest and not merely the excess is illegal." Ib. Hence all payments made are to be applied to the principal, because the right of the bank to any interest has been forfeited by the stipulation for usurious interest.

The statute of limitations has no application. This is not a suit by the debtor to recover back illegal interest paid, but a suit by the bank to recover usurious and legal interest. The payments made, applied to the principal, have fully paid it, and the larger note represents nothing but interest, which has been forfeited by a violation of the law.

The court committed no error in accepting the report of the referee as to facts found, and rejecting his inferences or conclusions from those facts. The report of the referee is of the value of a special verdict, and without ordering a new trial, the court may reject the conclusions of the referee from the facts found, and render such a judgment as the law, applicable to the facts warrants. *O'Neill v. Capelle*, 62 Mo. 203. The judgment of the circuit court is affirmed. All concur.

2. REFEREE: practice.