92   607
94   233
92   607
101   285

CASE 110—PETITION EQUITY—FEBRUARY 20.

# Brown, Assignee, &c., v. Marion National Bank.

### APPEAL FROM MARION CIRCUIT COURT.

1. TAKING OF USURY BY NATIONAL BANKS.—Where interest has been paid to a national bank in excess of the rate allowed by the law of the State where the bank is situated, the person by whom it has been paid, or his legal representatives, may recover back twice the amount of the interest paid, provided the action therefor is commenced within two years after the payment.

2. SAME—FORFEITURE OF INTEREST.—Section 5198 of the Revised Statutes of the United States, which provides that the taking or charging by a national bank of a usurious rate of interest "shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon" does not apply to usury which, by the renewal of a note, has become a part of the principal. In construing that statute the usury law of this State is no guide as the two statutes are entirely different.

3. SAME—INTEREST ON JUDGMENT.—Although a national bank has forfeited the entire interest by charging usury, the demand should bear interest from the date of judgment; but as the judgment appealed from in this case merely authorizes the plaintiff to prove and present its claim against the estate held by defendant in trust for creditors, and to receive *pro rata* the amount thereof, less interest, it is not equivalent to a judgment allowing the claim, and the court properly refused to allow interest from the date of the judgment.

RIVES & SPALDING FOR APPELLANT.

1. The provisions of the National Bank Act prescribing a penalty for the taking of usury by national banks may be enforced in the State courts, the form of procedure being regulated by the local rules of practice,

but the decisions of the Supreme Court of the United States are of binding authority. (Farmers' Nat. Bank v. Deering, 91 U. S., 29; Bletz v. Columbia Nat. Bank, 30 Am. Rep., 343; Henderson Nat. Bank v. Alves, 12 Ky. Law Rep., 722.)

The Act is penal in its nature, but it is also a remedial statute, acting upon the offense by setting aside the forbidden transaction, and therefore should be liberally construed to effect the object which Congress had in view in enacting it. (1 Blackstone, 88; Potter's Dwarris, 260; Farmers' Nat. Bank v. Deering, 91 U. S., 35; Barbour v. City of Louisville, 83 Ky., 103; Harrison v. Commonwealth, 83 Ky., 162; Wilson v. Donaldson, 10 Am. St. Rep., 48, and note, 53.)

The statutes of the State upon the subject of usury will not be considered. (Barnett v. Nat. Bank, 98 U. S., 555.)

The remedy by separate action is the only recourse of the debtor where the usurious interest has been actually paid. (Driesback v. Nat. Bank, 104 U. S., 52; Cook v. Lillo, 103 U. S., 792; Walsh v. Mayer, 111 U. S., 31.)

The limitation of two years applies only to the action of debt for twice the amount of interest paid. (First Nat. Bank v. Childs, 39 Am. Rep., 474; 130 Mass., 519.)

As between the original parties the rule is that where a security is affected with usury, any other security substituted therefor is likewise affected. (Rudd v. Planters' Bank, 78 Ky., 513, and cases collated in note to Davis v. Garr, 55 Am. Dec., 397.)

In this case the claim is for interest "stipulated for and included in the notes" and *not paid,* and only the sum originally loaned by the bank can be recovered, all the remainder of each note being for usurious interest.


ROWNTREE & LISLE FOR APPELLEE.

1. Our State statutes on the subject of usury can not be enforced in this action. The matter has to be adjudged pursuant to the United States law. (Silva v. First Nat. Bank, 10 Ky. Law Rep., 365; McCullough v. Maryland, 4 Wheat, 316; Osborn v. U. S. Bank, 9 Wheat, 738; Veazie v. Fennie, 8 Wall., 533; 1 Kent Com. Lecture, 18; Deering v. Nat. Bank, 91 U. S., 29; Barnett v. Nat. Bank, 98 U. S., 555.)

2. What the law forfeits is the entire interest which the note, bill or other evidence of debt carries with it. This plainly means the principal of the debt is not to be forfeited. (Alves, Trustee, v. Henderson Nat. Bank, 12 Ky. Law Rep., 71; First Nat. Bank v. Garlinghouse, 22 Ohio St., 492.)

3. The court having imposed in full by its judgment herein the penalties prescribed by law appellee was entitled from that time forward to six per cent. on the face of the notes. (Alves v. Henderson Bank, 12 Ky. Law Rep., 71.)

Brown, Assignee, &c., v. Marion National Bank.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant Brown, to whom a deed of trust was made by L. and E. Baxter, for benefit of creditors, brought this action under sections 5197–8, Revised Statutes United States, to recover back from appellee, Marion National Bank, twice the amount of interest paid on certain promissory notes.

He had previously instituted another action for settlement of estates of the insolvent debtors and distribution of assets among creditors, in which appellee had presented and filed the notes mentioned for payment; and the two actions appear to have been consolidated, and the questions arising in each between parties to this appeal, were determined by the judgment now before us for revision. That judgment was, in substance, for twice the amount of $297.25, made up of the following recited sums paid as interest on two notes within two years prior to institution of first mentioned action, at a greater rate than 6 per cent., to-wit:  On note for $4,500, $160 paid November 1, 1889, and $107 paid May 4, 1890, and on a note for $650, $15 paid January 24, 1890, and $15 September 30, 1890.   It was at the same time further adjudged that the entire interest carried by the several notes filed be forfeited, as 7 per cent. per annum appears upon the face of each as the rate charged, and that only the principal is payable out of the trust estate.          /

The judgment was at the time excepted to by plaintiff—now appellant—because : first, $160.25 interest paid April 29, 1889, on the note for $4,500, is not included; second, only interest on the several notes is adjudged forfeited; whereas, all that had accrued previous to respective dates of, and included in, the amounts of them, should have

been.   Appellee on cross-appeal seeks reversal, because entitled to interest at 6 per cent. not allowed from date of the judgment.

By section 5197, each National bank is authorized to take and charge interest at the rate allowed by law of the State where it is situated; and section 5198 is as follows: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon.   In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover back in an action in the nature of an action for debt, twice the amount of interest thus paid, from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred."

Although there were four notes, upon each of which a greater rate of interest than allowed in this State, which is 6 per cent., is alleged to have been paid, judgment was rendered for that charged by and paid to appellee on two only; but as no exception was taken, nor any complaint is now made of the apparent omission, we must assume there is no error on that account.   We think, however, appellant is entitled to judgment for twice the amount of $160.25 paid April 29, 1889, on the note for $4,500, in addition to the sums recited; for the action appears to have been commenced April 25, 1891, within two years after the payment, and it is expressly admitted in the answer of appellee.   But the other exception seems to us not well taken; for, according to the evident meaning of the

section quoted, taking, receiving or charging by a National bank in this State a rate of interest greater than 6 per cent. is to be deemed a forfeiture of the entire interest which an *existing* note, bill or other evidence of debt *carries* with it, or which has been agreed *to be paid* thereon; nor such interest as *may have been* carried with, or agreed to be paid on, a note already canceled, either by payment or by renewal, whereby what was before interest has become interest-bearing principal.

The usury law of this State is no guide in construing the statute under consideration, because entirely different. The section quoted was intended to accomplish two distinct objects, neither of which is authorized by statute of this State; one is to forfeit and bar recovery of all interest carried by, or agreed to be paid on, any note, bill or other evidence of debt sued on or presented for payment out of the estate of a decedent or insolvent debtor, when the rate may be greater than is allowed by law; and the other to give to the debtor who has *already paid* such greater rate, the right to recover back twice the amount thereof, whether so paid on one or more notes or bills, or upon one still in existence, or fully paid off and canceled, provided such action is commenced within two years after such usurious transaction.

There is no difficulty in understanding meaning of the last clause of the section; nor need there be any in properly interpreting and applying language of the first; for interest that has been either paid off, or become by renewal part of the principal of a new note, can not be fairly regarded as being carried as interest with it, much less can it be with propriety said to have been agreed to be paid *on* it.

By the judgment appellee was authorized to prove and present against the estate held by appellant in trust, the demands, of which the notes in question are evidence, and to receive *pro rata* the amount thereof less interest. Such demands when evidenced by judgment therefor, or what is equivalent, when reported to court and allowed, of course bear interest, but not before. And as the judgment in this case is not inconsistent with such view, it must be affirmed on cross-appeal, but for the reason indicated reversed on the appeal and remanded for further proceedings.