CASE 34—PETITION ORDINARY—MARCH 30.

94   231
101  285

# Sydner, &c. v. Mt. Sterling National Bank.

APPEAL FROM MONTGOMERY COURT OF COMMON PLEAS.

NATIONAL BANKS—FORFEITURE OF INTEREST BY CHARGING USURY.—
Under the national banking law a national bank, by taking or charg-
ing a usurious rate of interest, forfeits the entire interest which the
note or other evidence of debt carries with it. Nor is the forfeiture
waived by the giving of subsequent notes. However many renewals
there may have been, the interest on the several renewed notes will
be traced into the last note and the entire interest eliminated, all par-
tial payments being applied to the principal.

STONE & SUDDUTH AND Z. T. YOUNG FOR APPELLANT.

LEWIS APPERSON FOR APPELLEE.

Briefs not in record.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee is doing a banking business in this
State under the United States banking law. As such
banking institution, it loaned the appellants money,
and took their note therefor, charging them a usuri-
ous rate of interest and adding the same in the note,
and at the maturity of the note, it was renewed and
usurious interest again charged and included in the
new note. Renewals were in like manner made and
usurious interest added therein, until it resulted in
the present note, when it was sued on. The ap-
pellants pleaded the foregoing facts in regard to the
usury embraced in the several renewal notes, and
asked that the interest be forfeited in consequence of
the usury embraced in the several renewals, and that
only the principal be recovered.

The National banking law provides: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon." There is no doubt that each renewed note contained usury therein, and that it was "knowingly done." The question to be decided is, whether the entire interest that the several renewed notes bore, can be eliminated from said notes in an action on the last note, so that nothing shall be recovered thereon except the principal.

Upon that subject the following cases seem conclusive: In the case of Farmers and Mechanics' Bank of Mercer v. Hoagland (United States Circuit Court) 7 Fed. Rep., 161, the court say: "By the terms of the act of Congress the charging of such rates of interest worked a forfeiture of the entire interest which the several notes carry with them. Now such forfeiture was not waived by the giving of the subsequent notes, although as respects them the agreed rate of interest was a legal rate. They were mere renewals, and given without any new consideration. Nor did the new notes operate as payment of the debts for which they were given. In so far, then, as the notes in suit embrace the forfeited interest, they are without consideration. Moreover, it is an established principle that if there be usury in the original transaction it affects all consecutive securities, however remote, growing out of it; and neither the renewal of an old nor the substitution of a new se-

curity between the same parties can efface the usury.
The bank incorporated in the new notes usurious in-
terest previously charged, as a part of the new prin-
cipal, and this illegal consideration pervaded the
whole subsequent series of notes. Upon fresh re-
newal interest was charged upon usurious interest
which had entered into the prior notes as principal."

The case of the Moniteau National Bank v. Miller,
73 Mo., 187, decides the same question the same way.

The case of Alves' Assignee v. The National
Bank of Henderson, 89 Ky., 126, directly decides
the same principle. The leading idea in these decis-
ions is, that the new notes are mere renewals—new
evidences of an old debt—and given without any new
consideration. Nor do the new notes operate as a
payment of the debts for which they were given;
and as the usury embraced in the old notes taints
the entire interest, and renders it vicious and void,
the agreement to pay it is without any lawful con-
sideration. Consequently the unlawful consideration
may be eliminated from each renewal note; for such
note is but the new evidence of the old debt, which
includes the vice and unlawful consideration, which,
as between the same parties, may be traced to the
new note and eliminated.

We now construe Brown, Assignee, &c., v. Marion
National Bank, 92 Ky., 607, to be in harmony with
the foregoing views.

The judgment does not eliminate the entire interest
from the several notes, but only the usury. This is
error. The entire interest on all the notes should
be eliminated, and judgment rendered for the prin-

cipal alone, and the partial payments should be applied to the principal.

The judgment is reversed, and cause remanded, &c.