CENTRAL NATIONAL BANK v. HASELTINE et al., Appellants.

Division One, March 14, 1900.

1. **Usurious Interest:** DEFENSE: NATIONAL BANK. Usurious interest paid on a note given to a national bank, can not be set off or credited on the principal in a suit by the bank. The Act of April 21, 1891, does not apply where the plaintiff is a national bank. (Overruling Moniteau Nat. Bank v. Miller, 73 Mo. 187.)

Bank v. Haseltine.

2. ———: REMEDY. Under the Federal statute one who has given a
usurious note to a national bank and has paid usurious interest
thereon, is reverted to an independent action to recover such usu-
rious interest, which remedy is exclusive. Under that statute he
can not have the usurious interest by him paid, set off as a defense
in a suit by the bank on the note; and under the State statute he
has the right to set off the usurious interest paid, as a defense to a
suit on the note, but not the right of an independent action to recover
the amount of usurious interest paid.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Geo. S. Rathbun* and *S. A. Haseltine* for appellants.

By the national banking act, section 5198, Revised
Statutes of the United States 1878, which is the law govern-
ing the case of national banks, there are two provisions, upon
the first of which this case is bottomed, and provides as fol-
lows: "The taking, receiving, reserving or charging a rate
of interest greater than is allowed by law, when knowingly
done, shall be deemed a forfeiture of the entire interest
which the note, bill or other evidence of debt carries with
it, or which has been agreed to be paid thereon." The
Supreme Court of Missouri has construed this clause of said
statute in a case on "all fours with this one." Moniteau
Nat. Bank v. Miller, 73 Mo. 187; Snyder v. Sterling Nat.
Bank, 21 S. W. Rep. 1050; Bank v. Turner, 42 Pac. Rep.
936; Guthrie v. Reid, 107 Pa. St. 251; Bank v. Lewis, 75
N. Y. 516; Bank v. Davis, 6 Cent. L. J. 106.

*Massey & Tatlow* for respondent.

The laws of this State do not apply to this case. The
laws of the United States do, and under the United States
law usurious interest already paid can not be applied to the

payment of the debt by way of setoff, but can only be re-
covered by a direct suit for interest from the bank as a pen-
alty and in the manner prescribed by the law of Congress.
Farmers Nat. Bank v. Dearing, 91 U. S. 299; Barnet v.
Nat. Bank, 98 U. S. 555; Driesback v. Bank, 104 U. S. 52;
Stephens v. Monongahela Bank, 111 U. S. 197; Carter v.
Carmi, 112 U. S. 478; First Nat. Bank Grundy Center v.
Moon, 83 Ia. 743; Bank v. Gruber, 91 Pa. St. 377; Higley
v. First Nat. Bank, 26 Ohio St. 75; Petersborough Nat.
Bank v. Childs, 133 Mass. 248.

MARSHALL J.—This cause was transferred to this
court by the St. Louis Court of Appeals on 'the ground that an
authority exercised under the United States is drawn in
question, and hence this court has jurisdiction under section
12, article 6, of the Constitution.

The controversy is this: the plaintiff, a national bank,
organized under the laws of the United States, sues the de-
fendants on a promissory note for $2,240. The defendants
admit the execution of the note, but claim certain credits
and setoffs, arising out of the fact that the note sued on is
the consolidation of various smaller notes which had ma-
tured before the execution of this note, and that the de-
fendants had paid to the plaintiff, within two years before
the execution of this note, upon such other notes and upon
this note, usurious interest aggregating $580, which sum
they asked to have deducted from the principal sum of
$2,240, represented by this note, thereby reducing the plain-
tiff's claim to $1,660.

The trial court referred the case to a referee to ascer-
tain how much cash the plaintiff paid the defendants on
the note sued on; how much interest had been reserved or
taken out of all the notes, and how much interest
was paid in cash by defendants not reserved. The referee
found that defendants had received on this note of $2,240,

the sum of $2,199.35; that the interest reserved by the plaintiff out of this note was $40.65; "that there had been paid by defendants as cash discounts on said loans up to October 24, 1895, the sum of $566.70; that the whole amount of interest paid and deducted by the bank on all of said loans from the beginning to the end was $947.50; that these payments were made in excess of the legal rate for said loan." Thereupon the court entered judgment for the plaintiff for $2,199.35, that being the face of the note sued on after deducting the discount of $40.65 reserved when the note was executed. Defendants appealed.

I.

Formerly it was the rule in Missouri that "one who voluntarily pays unlawful interest upon a usurious contract can not recover it by suit." [Ransom v. Hays, 39 Mo. 445; Rutherford v. Williams, 42 Mo. 18; Ferguson v. Soden, 111 Mo. 208.] Nor could usurious interest once paid be applied as credits upon the note when it was sued on. [Perrine v. Poulson, 53 Mo. 309; Kirkpatrick v. Smith, 55 Mo. 389.] And the principal, with legal interest, could be recovered notwithstanding the usurious payment. Of course, if the usurious interest had not been actually paid, but only promised, the courts would not enforce the unlawful promise and would render judgment only for the principal with lawful interest.

This was the law until the Act of November 20, 1855 (R. S. 1855, ch. 85, sec. 5, p. 890) when it was enacted that in a suit upon a note, bond or agreement the defendant might show by answer that a greater rate of interest than ten per cent "was therein or thereby agreed for, or received, or taken," and if the proof sustained the allegation, the court should render judgment for the principal, with ten per cent interest, but that the interest should go to the school fund,

and the defendant should recover his costs. This same pro-
vision was carried into the revision of 1865 (G. S. 1865, ch.
89, sec. 5, p. 401), and into the revision of 1879 (R. S. 1879,
ch. 41, sec. 2727, p. 459) and into the revision of 1889 (R. S.
1889, ch. 90, sec. 5976, p. 1429). The act of April 23, 1891
(Laws 1891, p. 169) amended section 5976, Revised Statutes
1889, only so far as to reduce the legal rate of interest for
which a party might contract, from ten per cent to eight per
cent. But by the act of April 21, 1891 (Laws 1891, p.
170) it was provided by section 1 thereof as follows: "Usury
may be pleaded as a defense in civil actions in the courts
of this State, and upon proof that usurious interest has been
paid, the same, in excess of the legal rate of interest, shall be
deemed payment, shall be credited upon the principal debt,
and all costs of the action shall be taxed against the party
guilty of exacting usurious interest, who shall in no case
recover judgment for more than the amount found due
upon the principal debt, with legal interest, after deducting
therefrom all payments of usurious interest made by the
debtor, whether paid as commissions or brokerage, or as
payment upon the principal, or as interest on said indebted-
ness."

Under this statute, therefore, the usurious interest paid can
be set off or credited on the principal when the lender sues.
That is, the statute permits this to be done only as a defense
to or part payment of the debt. It does not give the bor-
rower a right to sue for and recover usurious interest already
paid. In this respect the law is the same that it was before
this statute was enacted. If this state statute governed in
this case, the defendants would be entitled to the credits
they claim.

But the plaintiff is a national bank, and therefore the
statute of the United States controls the rights of the parties,
and the state statute must yield. This was expressly so
decided by the Supreme Court of the United States in

Farmers, etc., Nat. Bank v. Dearing, 91 U. S. l. c. 33, where Mr. Justice SWAYNE, delivering the opinion of the court said: "The national banks organized under the act" (Act June 3, 1864, now chapter 3, title LXII, R. S. U. S. 1878, p. 1003), "are instruments designed to be used to aid the government in the administration of an important branch of the public service. They are means appropriate to that end. Of the degree of necessity which existed for creating them Congress is the sole judge. Being such means, brought into existence for this purpose, and intended to be so employed, the States can exercise no control over them, nor in any wise affect their operation, except in so far as Congress may see proper to permit. Anything beyond this is 'an abuse because it is the usurpation of power which a single State can not give.' Against the national will 'the States have no power, by taxation or otherwise, to retard, impede, burthen, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government.' . . . . . . . Whenever the will of the nation intervenes exclusively in this class of cases, the authority of the State retires and lies in abeyance until a proper occasion for its exercise shall recur."

The impelling reason that called for this conclusion was pointed out to be that the usury statutes of the several States differed widely, some forfeiting only the excess of interest, some the whole interest and some the debt or demand as well as the interest, and it was held that Congress did not intend to permit such different consequences to flow from a violation of the Federal statute.

The section of the Act of 1864, under consideration in that case, has since been divided, and is now sections 5197 and 5198, R. S. U. S. 1878. By section 5197, national banks are permitted to charge the same rate of interest as is lawful in the States in which they are located, and if no rate is so prescribed, then they can charge seven per cent. Section

5198 provides that knowingly taking, receiving, reserving or charging a greater rate of interest than section 5197 permits, shall be deemed a forfeiture of the entire interest, and in case such usurious interest is paid, the person paying it may "recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

At first it was held that the usurious interest, if paid, could be set off or allowed as a credit upon the principal when suit was brought to collect the principal, or it could be recovered in an independent action. [Nat. Bank of Madison v. Davis (U. S. Circuit Court—Indiana), 6 Central L. J. 106; Sydner v. Mt. Sterling Nat. Bank (Court Appeals—Ky.), 21 S. W. Rep. 1050; First Nat. Bank of Newton v. Turner (Court Appeals—Kansas), 42 Pac. Rep. 936; Nat. Bank of Auburn v. Lewis, 75 N. Y. 516; Overholt v. Nat. Bank, 82 Pa. St. 490; Moniteau Nat. Bank v. Miller, 73 Mo. 187.]

But the Supreme Court of the United States has since held that usurious interest once paid can not, under the Federal statute, be set off or allowed as a credit on the principal of the debt, but that the remedy given by that statute to the person paying usury to recover double the interest so paid, by an independent action, is exclusive. [Barnet v. Nat. Bank, 98 U. S. 1. c. 558, 559; Driesbach v. Nat. Bank, 104 U. S. 52; Stephens v. Monongahela Bank, 111 U. S. 197; Carter v. Carusi, 112 U. S. 478.] The case of Brown v. Marion Nat. Bank, 169 U. S. 416, decides nothing to the contrary, for in that case the usurious interest was not paid, but was included in the face of the note, and it was simply held, as has always been the law, that the court would not lend its aid to the lender to recover usurious interest.

In Driesbach v. Nat. Bank, 104 U. S. 52, Mr. Chief

Justice Waite calls attention to the fact that the Supreme Court of Pennsylvania in Nat. Bank v. Gruber, 91 Pa. St. 377, followed Barnet v. Nat. Bank, 98 U. S. 555, and overruled its former decisions (that usurious interest might be set off against the principal debt) in the cases of Lucas v. Nat. Bank, 78 Pa. St. 228, and Overholt v. Nat. Bank, 82 Pa. St. 490.

The rule declared by the Supreme Court of the United States, was followed in Nat. Bank v. Childs, 133 Mass. 248; Nat. Bank v. Moore, 83 Iowa l. c. 743; Highley v. Nat. Bank, 26 Ohio St. 75. In other words, the Federal statute has created a new right of action but has not given a right of setoff as to such matters, while the statute of Missouri gives a right of setoff but not a right of action.

It follows that this court must, as in duty bound, follow the decisions of the Supreme Court of the United States, in construing this Federal statute, and that under those decisions these defendants can not set off or be allowed credit for the usurious interest paid, but that they are reverted to the exclusive remedy afforded by that statute, of instituting an independent action to recover such usurious interest, and that the judgment of the circuit court, which proceeded on these principles, is correct. It also follows that the case of Moniteau Nat. Bank v. Miller, 73 Mo. 187, was erroneously decided, and it is therefore overruled.

The judgment of the circuit court is affirmed. All concur.