S. DUFFIELD MITCHELL, Respondent, v. JOPLIN
NATIONAL BANK, Appellant.

Springfield Court of Appeals, November 5, 1914.

1. **COURTS: Appellate: Jurisdiction in Appeals: Federal Questions.** The Supreme Court has exclusive jurisdiction of appeals in all cases where a Federal question is involved. (Sec. 12, Art. 6, Constitution.)

2. **————: Federal Questions: Jurisdiction: Usury.** An action to recover double the amount of interest paid because of usurious charges (R. S. United States, secs. 5197, 5198), involves a Federal question and therefore this court has no jurisdiction.

3. **————: Federal Questions: First Raised in Appellate Court.** It matters not whether the Federal question involved in a cause was raised in the trial court. The appellate court must transfer the case to the Supreme Court when such question appears on the face of the record.

Appeal from Jasper County Circuit Court, Division Number One—*Hon. Joseph D. Perkins,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*Spencer, Grayston & Spencer* for appellant.

*S. D. Mitchell* and *John W. McIntire,* for respondent.

ROBERTSON, P. J.—Plaintiff's petition charges that defendant knowingly took, received, reserved and charged a greater rate of interest on a loan made to him by defendant than it was allowed or permitted to take, receive, reserve or charge under sections 7179 and 7198 of the Revised Statutes of the United States (5 Fed. Stat. Ann., pp. 130 and 133), amounting to $809.49, and asked judgment for double that sum. The defendant answered admitting its corporate existence

under the laws of the United States, followed by a general denial, a plea of the two years' limitation found in said section 7198 and that if any interest was paid in excess of the legal rate it was the result of a mistake on its and plaintiff's part, and that plaintiff did not intentionally or knowingly pay, nor did defendant intentionally or knowingly receive any excessive interest. A reply was filed to the answer, a jury waived and a trial had which resulted in a judgment for the full amount asked. Defendant has appealed.

Under Section 12, art. VI of the Constitution of this State the Supreme Court is given exclusive jurisdiction of appeals in all cases where a Federal question is involved. That such a question is here involved, where to deny plaintiff relief would be to ignore rights claimed under a Federal Statute or to resolve defendant's contentions against it is to deprive it of rights claimed under the same law, appears to be settled. [Central National Bank v. Hoseltine, 73 Mo. App. 60; same case 155 Mo. 58, 55 S. W. 1015; First National Bank of Moscow v. American National Bank of Kansas City, 173 Mo. 153, 158, 72 S. W. 1059 and Beekman Lumber Co. v. Acme Harvester Co., 215 Mo. 221, 230-233, 220 U. S. 300, 114 S. W. 1087.] This last cited decision of the Supreme Court of this State refers to the similarity of the provision in our Constitution to that of the United States Statute (R. S. of the U. S., section 709; Federal Stat. Ann., p. 467; The Judicial Code, section 237) which provides for writs of error from the United States Supreme Court to the State appellate courts. In Talbot v. First National Bank, 185 U. S. 172 and Talbot v. Sioux National, 185 U. S. 182, the question of usury was involved and in the latter case, on a motion to dismiss a writ of error to a State court we find this language: "Plaintiff claimed a right under sections 5197 and 5198 of the Revised Statutes, and the decision of the courts of the State were adverse to such right." Also, see, Schuy-

ler National Bank v. Gadsden, 191 U. S. 451 and Citizens National Bank v. Donnell, 172 Mo. 384, 72 S. W. 925, 195 U. S. 369.

The fact that the constitutional question was not raised in the trial court does not confer jurisdiction on this court. A Federal question is, on the face of the record, involved. [State ex rel. Smith v. Smith, 152 Mo. 444, 54 S. W. 218; Wabash Railroad Co. v. Flannigan, 218 Mo. 566, 569, 117 S. W. 722; Columbia Water Power Co. v. Columbia Electric Street Railway, Light & Power Co., 172 U. S. 475, 488, 42 L. Ed. 521, 526.

Since we have no jurisdiction this cause is transferred to the Supreme Court.

*Farrington* and *Sturgis, JJ.,* concur.