S. DUFFIELD MITCHELL, Respondent, v. JOPLIN NATIONAL BANK, Appellant.

Springfield Court of Appeals, June 25, 1918.

1. **BANKS AND BANKING:** Forfeiture of Interest: National Bank: Application of Payment. Under U. S. Comp. St. 1916, Sec. 9759, providing national bank's knowingly taking, receiving, etc., greater rate of interest than allowed shall be deemed forfeiture of entire

interest, though usurious, is not so forfeited that debtor may not direct payment to be applied on interest, or that bank may not, with his knowledge and consent, apply payment on interest.

2. **PRINCIPAL AND AGENT: Ratification: Application of Payment.** Where one partner paid usurious interest on other partner's note to a national bank, and such other, for three years before he sued the bank under U. S. Comp. St. 1916, Sec. 9759, to recover double the usurious interest, knew of application of payment to interest, part of which was usurious, but acquiesced, his conduct was a ratification and adoption of his partner's application of payment.

3. **JUDGMENT: Res Adjudicata: Application of Payment to Interest.** Mortgagor having appeared to mortgagee bank's suit to foreclose, in which application of payment to interest in part usurious, was in effect adjudged a payment on interest, in his suit under U. S. Comp. St. 1916, Sec. 9759, to recover double usurious interest paid, mortgagor cannot reopen question.

4. **PRINCIPAL AND AGENT: Ratification: Burdens and Benefits.** A principal cannot adopt in part and reject in part the act of his agent, and must take the burdens with the benefits.

5. **BANKS AND BANKING: Action to Recover Double Usurious Interest: Statute.** Limitations on plaintiff's cause of action against a national bank, under U. S. Comp. St. 1916, Sec. 9759, to recover double usurious interest paid, ran from date of payment.

Appeal from Jasper County Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

REVERSED.

*Geo. J. Grayson* and *A. E. Spencer* for appellant.

*S. Duffield Mitchell* and *John W. McAntire* for respondent.

BRADLEY, J.—This is an action to recover double the amount of interest paid to defendant, a national bank. The petition charges usury, and is based upon sections 5197 and 5198, United States Compiled Statutes, 1901. [Sections 9758 and 9759, United States Compiled Statutes, 1916.] Plaintiff recovered below upon trial before the court without the intervention of a jury, and defendant appealed to this court. This court transferred the cause to the Supreme Court on the theory that jurisdiction was there (Mitchell v.

National Bank, 184 Mo. App. 483, 170 S. W. 674.); but the Supreme Court retransferred the cause to this court. [Mitchell v. National Bank, 201 S. W. (Mo.) 903.]

April 24, 1908, defendant agreed to loan plaintiff $4000 for ninety days, the loan to be secured by a mortgage lien on eighty-five acres of land in Jasper county. At the time plaintiff's wife was in California, and the mortgage could not be completed without her signature. April 24, 1908, plaintiff and Mrs. V. F. Church gave to defendant their personal note for $3000 due on demand with interest at eight per centum from date, and defendant paid plaintiff the $3000. On May 14th thereafter plaintiff through Mrs. Church presented to defendant a $4000 note, signed by plaintiff and his wife, dated April 24, 1908, due in ninety days, bearing interest at eight per centum from *due*. To secure this last-mentioned note plaintiff and his wife executed a warranty deed to be held as a mortgage on the eighty-five acres of land. This deed was made to A. H. Waite, president of defendant bank. When the $4000 note and mortgage were presented to defendant it canceled and delivered the $3000 demand note, and paid to Mrs. Church for plaintiff $920, deducting $80 as discount on the $4000 for ninety days at eight per centum. August 25, 1908, plaintiff paid $1000. June 25, 1909, Mrs. Church paid $306.67, and this was applied on interest. Nothing more was paid on the note, and plaintiff at the November, 1910, term of the circuit court brought suit to foreclose the mortgage lien, and to enforce tax liens and costs, which defendant was compelled to pay because plaintiff had defaulted in the payment of taxes on the land, and suit had been brought for these taxes. Plaintiff and his wife who were defendants in the foreclosure suit appeared and answered by a general denial. December 31, 1910, judgment went in favor of the bank and against Mitchell and his wife for the amount of the balance due on the $4000 note, together with the amount paid out on account of taxes, and this judgment was declared

a special lien on the eighty-five acres of land. With an execution based upon this judgment the sheriff levied upon and sold the eighty-five acres of land on March 18, 1911, for $4000. As we understand the record the $4000 for which the land sold was the exact amount of the judgment and costs.

December 23, 1912, plaintiff commenced the cause now here to recover twice the amount of interest paid, which interest paid is alleged to be $809.49, and is alleged to have been paid on March 18, 1911, when the land was sold under execution. The taint of usury is alleged to exist because of the fact that defendant bank discounted the $4000 note at eight per centum, and further from the fact that when the $4000 note was presented on May 14, 1908, the defendant bank reckoned the discount from April 24, 1908, on the whole sum when in fact the bank had been out only $3000 from April 24th to May 14th. Also when Mrs. Church paid the $306.67, $106.67 thereof was applied as interest on the $4000 note from April 24th to August 25, 1908, the date when plaintiff made the $1000 payment; the remaining $200 was applied as payment of the interest on the $3000 balance from August 25, 1908 to June 25, 1909, and the note on the last-mentioned date was endorsed on back: "June 25, 1909, Int. Paid to date."

Plaintiff claims that by virtue of section 7179 and 7180, Revised Statutes 1909, defendant bank could not have lawfully discounted the $4000 note at a greater rate than six per centum. Plaintiff says in substance with reference to the first alleged act of usury that the defendant bank, when the $4000 note was presented on May 14, 1908, should have charged him $13.33⅓ accrued interest on the $3000 demand note for twenty days, and then might have lawfully discounted the $4000 at six per centum from May 14th for the remaining seventy days, which discount would have been $46.66⅔; this last amount plus the $13.33⅓ would be $60, which plaintiff contends was the only legitimate amount chargeable; whereas $80 was charged or reserved.

The effect of the original discount of $80, and then the application of $106.67 of the payment of the $306.67, as we understand the record, was equivalent to defendant charging sixteen per centum on the $4000 note for the ninety days from its date to maturity. The interest actually due on June 25, 1909, the question of forfeiture eliminated, was eight per centum on $4000 from July 24th, the maturity of said note, to August 25, 1908, when the $1000 payment was made; and eight per centum on $3000 from August 25, 1908 to June 25, 1909, when the $306.67 was paid and applied as interest. Interest actually due therefore was $226.67; but $306.67 was actually paid and applied as interest, thus showing clearly that $80 too much was paid, and this amount plus the $4.44 excessive discount in the first instance on the $1000, no part of which the bank had paid out until May 14th, makes $84.44 paid in excess of eight per centum.

The answer was a general denial, and a plea of the two year limitation in section 5198 United States Statute, and a plea that if usurious interest was received that it was done by mistake and was not knowingly done. The reply was a general denial. Sections 5197-5198, United States Statute are as follows:

Section 5197: "Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or district where the bank is located, and no more, except that where by the laws of any State a different rate is limited for banks of issue organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this Title. When no rate is fixed by the laws of the State, or Territory, or district, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt has to run. And the

purchase, discount, or sale of a bona-fide bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight-drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.''

Section 5198: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.''

Our State statutes pertinent to the issues are sections 7179 and 7180, Revised Statutes 1909, and are as follows: Section 7179: "Creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.''

Section 7180: "The parties may agree, in writing,

for the payment of interest, not exceeding eight per
cent. per annum, on money due or to become due upon
any contract.''

Defendant concedes that it had no right in the
first instance to discount the $4000 note for the full
ninety days; and that when the $306.67 was paid it
should not have figured the interest on the $4000 note
from its date to the date of the payment of the $1000
on August 25, 1908; but says that this was done by
mistake.   In other words defendant concedes that it
collected $84.44 in excess of eight per centum.   Whether
it was usury to discount plaintiff's note at *eight per
centum* in advance when it bore interest from maturity
only, we do not deem necessary to decide, because we
think plaintiff's case depends upon the question of
limitation, as it is conceded there was usurious interest
paid either on June 25, 1909, when the $306.67 was
paid and credited as interest, or on March 18, 1911,
when the $4000 note was paid in full by execution sale.

If the $306.67 paid on June 25, 1909, was a payment
on interest, then plaintiff's cause must fail, because of
the bar of the statute; if, however, that payment of
June 25, 1909, should as a matter of law, because of
usury, be applied as a payment on the principal, then
there was no usurious interest *in fact paid* until March
18, 1911. The statute (Sec. 5198, United States Statute)
provides that the taking, receiving, reserving, or charg-
ing a greater rate of interest than is allowed by section
5197, when knowingly done, shall be deemed a forfeiture
of the entire interest, and plaintiff contends that the
payment of the $306.67 on June 25, 1909, should as a
matter of law be credited as a payment on the principal.
But the interest, although usurious, is not so forfeited
that the maker may not *direct* a payment to be applied
on the interest, or that the bank may not, with the
*knowledge* and *consent* of the maker, apply a payment
on the interest.   Our Supreme Court in National Bank
v. Donnell, 172 Mo. l. c. 411, 72 S. W. 925, in considering
a usury case under the United States Statute said:

"It is well settled that a debtor may, at or before the time of payment, direct its application, and that the creditor must apply it as directed, but if the debtor fail to make such direction when he might, the creditor may apply it as he pleases. It must, however, be applied to a debt that is due in preference to one that is not due. There is an exception, however, to these general rules, and that is, where the debt or part of it is usurious, the creditor cannot in the absence of special directions so to do from the debtor, apply the payment to usurious interest or to any debt which the debtor is not bound to pay."

7 C. J. 826, states the matter thus: "Where a national bank contracts for interest at a usurious rate, it immediately forfeits all interest, and unappropriated payments by the debtor must be first applied to the principal, so that as long as any part of the principal remains unpaid there is no payment of usurious interest subjecting the bank to a forfeiture of twice the amount received. Such forfeiture may be incurred, however, where, although the principal remains unpaid, in whole or in part, payments made by the debtor are specifically applied by him, or by the bank with his consent to the usurious interest."

It is well to state here that defendant bank did not *contract* for usurious interest. The offense was in reserving or receiving usurious interest. The note on its face bore interest from maturity at eight per centum, and the defendant therefore had a lawful right to charge that rate from maturity, so there was nothing in the note itself to indicate that the transaction was tainted with usury.

3 R. C. L., p. 671, sec. 302, says: "Where a *general payment* is made the law will not apply it as a payment of the unlawful interest reserved, so as to subject the bank to the penalty. There being no appropriation of any part of the payment by the debtor to the payment of interest, as such, the law will not presume an application of it to an illegal and void obligation; nor will it permit the creditor to make such an appli-

cation. So, the principal of law which applies such un-appropriated payment first to discharge the interest due, and then to reduce the principal, cannot operate; for all interest was forfeited, *eo instanti,* by the agreement to pay interest at the illegal rate, and payments will not be applied by operation of law to the discharge of unlawful obligations in preference to debts justly due. And the maker of a note carrying interest at a usurious rate will not be held to have intended a general payment to be applied on interest merely because the payment was so applied on the books of the bank without his knowledge.''

The two texts quoted cite many authorities supporting the proposition that notwithstanding the forfeiture of interest provided for by statute the debtor or maker of he usurious note may direct or acquiesce in the application of a payment to the payment of interest on a contract tainted with usury, so as to cause limitations to begin to run from the date of such payment.

There are two entirely different divisions of section 5198, supra; the first provides for a forfeiture when usury has been knowingly contracted for and such usury entered into the note; the second provides for the recovery back of twice the amount of all interest actually paid when said interest is in part usurious. The courts uniformly hold that under the first provision the maker of the note or debtor can interpose the plea of usurious interest in a suit on the note, and defeat the payment of any interest where said interest is in part usurious; while on the other hand if he has in fact made any payment on interest which includes a payment in part of usurious interest, he cannot plead such payment either as a credit on the principal or as an offset or counterclaim to the principal, but his only remedy for such usury thus paid is found in the second provision of section 5198, and consists solely in his right to recover in a separate suit double the amount of interest actually paid. [McCarthy v. National Bank, 27 S. Dak. 269; 121 N. W. 853; 25 L. R. A.

(N. S.) 335; 21 Annotated Cases 437; National Bank v. Gadsden, 191 U. S. 451; 24 S. Ct. 129; 48 L. Ed. 258; Hazeltine v. National Bank, 183 U. S. 132; (see Hazeltine v. National Bank, 155 Mo. 66.); Driesbach v. National Bank, 104 U. S. 52; 26 L. Ed. 658.]

The authorities it seems are divided as to when the limitations begin to run, and this division is upon the question whether, when the maker of a note has paid money thereon, which the payee with the maker's knowledge and consent has applied in payment of usurious interest, in whole or in part, a cause of action at one arises for the penalty provided by section 5198 regardless of whether the principal has been paid or not; or whether, on the other hand, no such action arises on behalf of the maker of such note until he has made payments thereon in excess of the original debt and legal interest. It is pointed out in McCarthy v. National Bank, supra, that many of the cases supporting the rule that no action accrues until there has been an actual payment of a sum greater than the original debt with legal interest have erred through not making a distinction between cases where payments have been made, which payments have been applied upon usurious interest with the knowledge and consent of the debtor, and cases where such application had been made or attempted to have been made by the creditor without the consent of the debtor. We think this is a sound observation. A debtor may pay, if he chooses, usurious interest, and may direct that a payment which he makes be applied to the payment of usurious interest, but notwithstanding that he pays voluntarily, he may yet recover back twice the amount of all interest paid provided he commences his action within the period of limitation.

It remains, therefore, to determine whether or not the payment of June 25, 1909, and which payment was applied on interest by the bank, was so applied by the direction of the plaintiff or with his knowledge and consent, or whether or not the facts justify the conclusion that the defendant acquiesced in the ap-

plication of such payment and thus and thereby adopted and ratified said application. Mrs. Church was connected with the transactions giving rise to this cause from its inception. The record shows that she and the plaintiff were engaged as partners in the mining business and also that she was the cashier of a national bank. They kept a partnership account and also a partnership bank account. When the plaintiff sent the $4000 note and warranty deed from California, he sent it to Mrs. Church, and it was she that delivered the note to the bank and the deed to Waite. Mrs. Church paid the $306.67 by giving a partnership check drawn on the deposit account of plaintiff and herself. She charged plaintiff with the amount in the accounts kept by the partnership. At the time of this payment, the defendant bank delivered to Mrs. Church a receipt as follows: "Received of S. D. Mitchell, $306.67 dollars, interest on note to this date. (Signed) Joplin National Bank, Joplin, Mo. A. H. Waite, President," and dated June 25, 1909.

The plaintiff it appears ignored all notices and requests to see about his overdue note. He came back from California the latter part of May, 1908, only a few days after forwarding the note and deed. He claims, however, that he had no knowledge at the time about Mrs. Church's payment of the $306.67, yet he says that in the latter part of 1909, he found the receipt above mentioned among the papers of the Church-Mitchell Mining Company. He knew, therefore, for three years before the commencement of this suit that the $306.67 had been applied on payment of interest, a part of which was usurious; and he also knew that Mrs. Church had charged him with said amount, and that he had settled and paid the same in the course of the partnership between himself and Mrs. Church, which partnership still existed at the time of the trial of this case below. Plaintiff went through the suit by the bank to foreclose the mortgage which was filed a year after he had actual knowledge of the application of the $306.67 payment; yet he interposed no defense of

usury, and so far as the record here shows, made no protest or complaint about the application of the $306.67 payment, and in that suit the $306.67 payment was adjudged in effect a payment on the interest. There is only one reasonable conclusion to draw and that is that Mrs. Church when she made the payment of $306.67 was acting for and on behalf of plaintiff under the general authority with reference to this particular note as she had been connected with the transaction from its inception, and this conclusion is amply supported by the acquiesence by the plaintiff for the period of three years after he had actual knowledge of the application of this payment. We think that plaintiff's conduct towards the application of the $306.67 payment after he had actual knowledge thereof as a matter of law amounts to a ratification and adoption of the application of this payment and he should not, after such lapse of time, be heard to say that Mrs. Church had no right to make the payment on the interest. Also we are of the opinion that plaintiff having appeared to the suit to foreclose in which the payment in question was in effect adjudged a payment on interest, he is now precluded from reopening that question. We find no foundation to support plaintiff's contentions with reference to the application of this payment.

Plaintiff would accept the payment made by Mrs. Church and does so accept it but seeks to characterize it as a payment on the principal. This he might have done in the foreclosure suit, but he chose otherwise. Mrs. Church made the payment on the interest, and the bank gave to her a receipt so showing. Plaintiff cannot adopt in part and reject in part the act of his agent. He cannot adopt or ratify that which is favorable without also adopting that which may be burdensome. [Porter v. Woods, 138 Mo. 539, 39 S. W. 794.]

Having reached the conclusion that the payment of $306.67 was appropriated or applied to the payment of interest, a part of which was usurious by the direction in effect of the plaintiff through his agent Mrs. Church, we hold that limitations began to run from

the date of said payment to-wit: June 25, 1909, and plaintiff not having commenced his action until December 23, 1912, he is barred by the statute and cannot recover.

The trial court seemed to have proceeded on the theory that if usurious interest was paid that plaintiff might recover regardless of whether the defendant reserved or received such usurious interest *knowingly,* but it is not necessary for us to enter into a discussion of the question of knowledge on the part of the defendant bank further than to say that the statute and all the decisions which we have seen make as a condition precedent to recovery in cases of this character that the usurious interest was reserved or received knowingly.

It follows from the above and foregoing that the judgment below should be reversed, and it is so ordered. *Sturgis, P. J.,* and *Farrington, J.,* concur.