HENRY C. HINTZE AND MARY C. HINTZE, PLAINTIFFS IN ERROR, v. JOHN C. TAYLOR, DEFENDANT IN ERROR.

1. When a plaintiff is *in pari delicto* with the defendant, money paid by the former to the latter cannot be recovered back. This rule applies where the act done is in itself immoral or a violation of the general laws of public policy, but it does not bar a recovery where the law violated is intended for the protection of the citizen against oppression, extortion or deceit. Money paid on a usurious contract, in excess of the principal and legal interest, may be recovered back.
2. The transaction in this case was clearly a sale of a legacy, and not a loan of money, and therefore the trial court erred in refusing to direct a verdict for the defendant.

In error to the Hudson Circuit.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiffs in error, *Gaede & Minturn.*

For the defendant in error, *Van Winkle & Klink.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the 6th of July, 1891, the plaintiff executed and delivered to the defendant Mary C. Hintze the following assignment:

"The undersigned, John Charles Taylor, of Jersey City, N. J., grandson of the late Benjamin S. Taylor and son of James H. Taylor, deceased, in consideration of the sum of fifteen hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, have sold and assigned, and do hereby sell and assign, to Mary C. Hintze, of the city of Hoboken, county of Hudson and State of New Jersey, the sum of twenty-four hundred dollars, out of the bequest made to me by the will of my said grandfather, made March 22d, 1871, being for the sum of five thousand dollars, which is payable to me on my attaining my twenty-fifth birthday; and I hereby constitute and appoint Mary C. Hintze my true and lawful attorney, in my place and stead, to demand and receive from William B. Goodspead, executor of A. B. Shepherd, or any other party in whose possession or under whose control the said bequest may be, the said sum of twenty-four hundred dollars, and to institute any suit or proceedings to recover the same. In witness whereof I have hereunto set my hand and seal, this 6th day of July, 1891.

                                   "JOHN CHARLES TAYLOR.

"Signed, sealed and delivered in presence of
                    "W. E. HORENBERG,
                    "HENRY C. HINTZE."

It is admitted that Henry C. Hintze paid to the plaintiff the sum of $1,500 in said assignment mentioned, and that when said legacy became due and payable the said sum of $2,400 was paid to Henry C. Hintze.

Thereupon Taylor, the plaintiff, brought this suit to recover the difference between the sum paid to him by Henry C. Hintze and the amount received by him for said legacy, alleging that the transaction was a loan of $1,500 to him, and not a sale of the legacy by him, and that therefore the loan was usurious.

The writ of error in this case is prosecuted to set aside the judgment recovered by the plaintiff in the court below.

It is well settled that when a plaintiff is *in pari delicto* with the defendant, money paid by the former to the latter cannot be recovered back. This rule applies where the act done is in itself immoral or a violation of the general laws of public policy, but it does not bar a recovery where the law violated is intended for the protection of the citizen against oppression, extortion or deceit.

The distinction was very clearly drawn in *Jones* v. *Barkley, Doug.* 684. In delivering the opinion in that case Lord Mansfield said he well remembered the case of Smith *v.* Bromley, and that Mr. Justice Buller had a very good note of it, which he desired him to read, and which he accordingly did. It appears that Lord Mansfield, in deciding that case, said " that if the act is in itself immoral or a violation of the general laws of public policy, there the party paying shall not have his action, for where both parties are equally criminal against such general laws, the rule is *potior est conditio defendentis.* But there are other laws which are calculated for the protection of the subject against oppression, extortion and deceit. If such laws are violated, and the defendant takes advantage of the plaintiff's condition or situation, there the plaintiff shall recover, and it is astonishing that the reports do not distinguish between the violation of one sort and the other. As to the case of usury, it was decided both by Lord Tobot and Lord Hardwicke, in the case of Bosauquet *v.* Dashwood, on a bill brought to compel the defendant to refund what he had received above principal and interest, that the surplus should be repaid."

Lord Mansfield declared that he adhered to all the doctrine laid down in Smith *v.* Bromley, and the rest of the court concurred.

The same distinction was enforced by Lord Mansfield in *Browning* v. *Morris, Cowp.* 790.

These cases have the approval of Lord Chief Justice Ellenborough, in *Williams* v. *Hedley,* 8 *East* 378, and their authority is recognized in the courts of this country. *Wheaton* v. *Hibbard,* 20 *Johns.* 290 ; *Thomas* v. *Shoemaker,* 6 *Watts &*

*S.* 183; 2 *Story Cont.,* §§ 672, 673; 2 *Pars. Cont.* 405.
*Brown* v. *McIntosh,* 10 *Vroom* 22, is directly in point, where
it is held that at common law money paid usuriously may be
recovered back, and that the common law rule is not changed
by our act concerning usury.

If usury is shown, an action will undoubtedly lie to recover
the sum paid in excess of the principal and legal interest.

On the trial of the cause the court was requested by the
counsel of the defendant to direct a verdict for the defendants,
on the ground that the transaction was a bargain and sale of
the legacy for a valuable consideration by an assignment in
writing under seal.

This request was refused and error is assigned upon excep-
tion taken at the trial. The contract is clear and unim-
peached. There is no pretence that the plaintiff in any event
was to be personally liable for the money advanced by the
defendant, and suit could not be maintained by the defendant
against the plaintiff if he had failed to collect the legacy. This
essential characteristic of a loan is not present in the transac-
tion. There is nothing in the case to show that it was an
attempt to evade the usury laws.

The trial court erred in not directing a verdict for defend-
ants, as there is an entire absence of evidence upon which a
verdict for the plaintiff can be supported.

The judgment below should be reversed.