GEORGE P. VAN VECHTEN v. JAMES McGUIRE.

Submitted July 3, 1903—Decided November 9, 1903.

The facts proved in this case justified the District Court in finding that the transaction in question was an usurious loan, and not a purchase of the plaintiff's monthly pay, to be earned in the future. That finding cannot be reviewed.

On appeal from the First District Court of Jersey City.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff and appellee, *I. Faber Goldenhorn.*

For the defendant and appellant, *Alexander Simpson.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought to recover money paid to the defendant under a contract alleged to be usurious. The case settled by the court contains a statement of the evidence, but there is no formal statement of the facts found

to have been proved. From the statement of the evidence it seems to have been undisputed that, on September 1st, 1900, the defendant let the plaintiff have $50 in cash. The plaintiff testified that it was a loan. The defendant testified that the contract was a contract for the purchase of the unearned future pay of the plaintiff as a policeman of Jersey City for September, 1900, with the right to draw the same from the city. It was undisputed, as far as the statement of the evidence shows, that the plaintiff executed, as he testified, an assignment and power of attorney, authorizing the defendant to draw his monthly salary, and that the assignment was left blank as to the month for which the salary was to be drawn. The defendant testified that he was to receive five per cent. per month as a premium or price for the risk he ran that the plaintiff might die or fail to earn any salary and that, as plaintiff earned salary for any month, the defendant had the right to draw the same under his assignment, and that, if he forbore drawing salary for any month earned by the plaintiff, the five per cent. per month was for the risk the defendant ran of plaintiff's not earning salary, and that the defendant was entitled to five per cent. for every such month.

The claim of the defendant was that the arrangement was not a loan but a buying of the plaintiff's pay in advance by the defendant, for which the defendant was entitled to receive five per cent. for every month he waived his right to draw the salary and allowed the plaintiff to draw the same.

The plaintiff paid $5 per month for each of thirteen months, commencing November 1st, 1901, and ending December 1st, 1902. On December 31st, 1902, the defendant drew the plaintiff's salary for the month, $83.33, making the total of $143.33, as the state of the case says.

The court gave judgment, as the state of the case says, "for the sum paid in excess of the loan of $50, and $7.75 legal interest on the same from September 1st, 1900, namely, for the sum of $85.58 damages." There is no distinct and formal statement that the court found, as a fact, that the

transaction was a loan, but we think that such a finding is fairly to be inferred from the statement just quoted.

The above statement of the evidence is sufficient to show that there was evidence to sustain, if not to require, such a finding. The finding of this fact distinguishes the present case from *Hintze* v. *Taylor*, 28 *Vroom* 239, and it is well settled that we cannot review the finding of the District Court of a fact which is sustained by evidence.

The judgment should be affirmed, with costs.