BENJAMIN LUBIN, PLAINTIFF-APPELLANT, v. DAVID
ROSENTHAL, DEFENDANT-RESPONDENT.

Submitted February 14, 1936—Decided Otcober 20, 1936.

For the plaintiff-appellant, *Alvord & Alvord.*

For the defendant-respondent, *Thomas G. Tuso.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE: The plaintiff sued at law to recover moneys alleged to have been usuriously paid by him to the defendant.

The question before us is whether it was error for the trial court to have directed the entry of a judgment of nonsuit against the plaintiff.

The facts exhibited in the record disclose that the plaintiff and his wife executed two bonds and real estate mortgages to the defendant, one for $16,000, in the year 1923, and the other, at a later date, for $9,000. Before the execution of the first bond and mortgage, the parties agreed, the one to pay and the other to receive, for the use of the money, ten (10%) per centum of the face of the loan in addition to the lawful rate of interest. This usurious exaction was paid, having been retained out of the principal by the lender, and the agreement was that this same exaction should be paid annually. Subsequently the bonus or premium rate was reduced to five (5%) per centum, in addition to legal interest. The same situation obtained as to the second loan. In all, the plaintiff avers that he is entitled to recover these unlawful exactions which, with interest, amount to more than $10,000.

The defendant answered, setting up eight separate defenses as well as a counter-claim. He denied the usury and, pointing to certain written extensions of the term of the mortgages which contain a statement of the amount due thereon and a declaration of no set-off, says that such agreements are the equivalent of a release.

It appears that the mortgages in question were assigned to the Manufacturers Trust Company, a banking corporation of the State of New York, by the mortgagee and that the plaintiff, at the time these assignments were made, executed a further declaration of no set-off. This written declaration by the plaintiff, the defendant says, operated as a release. Defendant further answered that there was an account stated between the parties at a time when plaintiff was in arrears for interest on these mortgages and, in recognition of the debt for interest, plaintiff gave defendant his notes for the amount in arrears (which is set up as a counter-claim) and this, the defendant contends, amounts to an accord and satisfaction.

Defendant, further answering, said that he and the Manufacturers Trust Company of New York filed a bill to foreclose the second mortgage of $9,000; that the mortgagor filed an answer setting up usury; that this defense was abandoned by agreement; that the parties complainant proceeded to a final decree and that the mortgagee purchased the property

at the foreclosure sale; that pursuant to the agreement made at the time, under which the mortgagor withdrew the defense of usury in the foreclosure suit, the mortgagor also executed a deed of conveyance of the premises to the mortgagee who, in turn, leased the premises to Sidney Lubin for the benefit of the plaintiff in the present suit, for a term of approximately one year with an option to repurchase the premises for the sum of $30,000.

The court granted the motion for nonsuit on the theory that these several transactions made out an accord and satisfaction. We are unable to agree with this conclusion. A borrower has a right of action to recover usury exacted by the lender, on the theory that such unlawful premium is received and retained by the lender for the use of the borrower under an implied promise to repay it to him. *Brown* v. *McIntosh,* 39 *N. J. L.* 22; *Hintze* v. *Taylor,* 57 *Id.* 239; 30 *Atl. Rep.* 551; *Weitz* v. *Quigley,* 88 *N. J. L.* 617; 97 *Atl. Rep.* 254.

We also consider it settled that generally where the suit is between the parties to an agreement infected with usury the taint remains and is not eradicated by the making of a new agreement or the substitution of securities or new evidences of indebtedness unless the transaction be purged of its original vice. *Taylor* v. *Morris,* 22 *N. J. Eq.* 606; *Trusdell* v. *Dowden,* 47 *Id.* 396; 20 *Atl. Rep.* 972; *Kobrin* v. *Hull,* 96 *N. J. Eq.* 41; 124 *Atl. Rep.* 365; *affirmed,* 97 *N. J. Eq.* 546; 128 *Atl. Rep.* 921.

Here, however, the mortgagor, when the action to foreclose the second mortgage was going forward in the Court of Chancery, withdrew the defense of usury which he had filed, consented to a decree *pro confesso,* and the court, in its final decree, fixed the amount due on that obligation. By this act the mortgagor admitted that the amount claimed to be due on this mortgage was actually due. That decree was in no way challenged and should not now be impeached by indirection. The amount due on the second mortgage is *res judicata.* *Cashin & Co.* v. *Alamac Hotel Co., Inc.,* 98 *N. J. Eq.* 432; 131 *Atl. Rep.* 117. Assuming that the plaintiff (mortgagor) was entitled to a credit on the mortgage debt in the amount of the usury, he had his opportunity in the Chancery suit.

His failure to litigate the question cannot relieve him of the binding effect or conclusiveness of that court's decree. The decree settled the amount of that mortgage debt. *McMichael* v. *Horay*, 90 *N. J. L.* 142; *Murray* v. *Pearce*, 95 *Id.* 104.

The court below reached a correct result, therefore, in concluding that that part of the plaintiff's claim based on the usury exacted on account of the second mortgage could not be recovered under the facts here exhibited. It is otherwise, however, with regard to the usury alleged to have attached to the first mortgage of $16,000. The court was in error in its judgment of nonsuit as to this claim. There was no accord and satisfaction. The transaction had not been purged of its original taint. *Taylor* v. *Morris, supra; Trusdell* v. *Dowden, supra.*

The judgment therefore will be reversed, and a *venire de novo* allowed, but only as to the claim for usury alleged to be attached to the first mortgage, costs to abide final determination.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.